## UNITED STATES of America, Plaintiff–Appellee,

v.

## John David POWERS, Defendant–Appellant.

### No. 90–30020.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1990.

Memorandum filed Nov. 21, 1990.

Order and Opinion Filed Jan. 14, 1991.

Allen V. Bowles, Moscow, Idaho, for defendant-appellant.

George W. Breitsameter, Asst. U.S. Atty., Boise, Idaho, for plaintiff-appellee.

---

Before HUG, and NELSON, Circuit Judges, and CARROLL,* District Judge.

## PER CURIAM:

John David Powers (Powers) was indicted for 47 counts of violating the Lacey Act, 16 U.S.C. § 3371, *et seq.* The separate counts of the indictment allege that Powers did knowingly receive, acquire and transport in interstate commerce wildlife in violation of the law and regulations of Idaho. The case was submitted to a jury and the verdicts of guilty were returned on thirteen counts for violations of 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(2) and 18 U.S.C. § 2.[1] Regulations D.5(a) of the State of Idaho Outfitters and Guides Board Rules and Regulations was the underlying state law which formed the basis of the Lacey Act violations for which appellant was convicted.[2]

### Standard of Review

Whether the lower court properly interpreted the Lacey Act is a question of law and is reviewed *de novo. United States v. Thomas*, 887 F.2d 1341, 1343 (9th Cir.1989).

### Facts

Powers was issued an outfitters license by the Idaho Outfitters and Guides Board (Board) in 1985. The outfitters' license authorized Powers to provide outfitter and guide service (outfitting services) on hunts for deer, elk, cougar, by archery only, in a particular hunting area or game unit. Powers was not licensed to outfit bear in Idaho.

Hunters, unless on a camping pack-in bear hunt, would lodge at Powers' house. The appellant or one of his assistants would transport the hunters to and from the hunting areas. Animals killed on a hunt were transported back to the Powers residence by the appellant or an assistant. Powers maintained a freezer at his resi-

dence for storing any game which was killed by his clients.

It is conceded in appellant's brief that in this instance he outfitted a hunt outside the game unit in which he was authorized to conduct hunts by the Board. Most, if not all, of the bears killed by appellant's clients were transported, in whole or in part, out of Idaho, to other states.

It is not disputed that the hunters who used Powers' services obtained the appropriate licenses and tags for the game that they were hunting.

### Discussion

Appellant argues that sale of outfitting services does not constitute receiving, acquiring, or transporting in interstate commerce wildlife for the purposes of the Lacey Act. Appellant also contends that *United States v. Stenberg*, 803 F.2d 422 (9th Cir.1986), is controlling and requires reversal of the convictions.

The Lacey Act provides, in pertinent part, that it is unlawful for any person to transport, receive or acquire in interstate commerce any wildlife taken, possessed or transported in violation of any law or regulation of any state. 16 U.S.C. § 3372(a)(2)(A).

Outfitters and Guides Board Regulation D.5, the underlying state law offense supporting Powers' Lacey Act convictions, states:

A license issued by the Board shall specify all activities for which the outfitter or guide is licensed.

a. An outfitter may not conduct any activities not specified on the license, nor outfit in any area . . . for which he is not licensed.

■ This Circuit has held that the Lacey Act's prohibition of the sale of wildlife does not apply to the sale of guiding services or hunting permits. *Stenberg*, 803 F.2d at 437.[3]

---

* The Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation.

1. Seventeen counts against Powers were dismissed during the trial. The jury acquitted appellant of seventeen counts as charged in the indictment.

2. The jury found no violations of the Idaho Fish and Game Regulation 13.04.010,1 alleged in seven counts.

3. In a more recent decision, relied on by the appellee, this Circuit affirmed the conviction of an outfitter who was accused of conspiring to transport or acquire elk taken in violation of Montana law. *Thomas, supra.* The major dis-

The issue in *Stenberg* was "whether the sale either of a hunting license or of guiding services constitutes a 'sale of wildlife' for purposes of the Lacey Act." *United States v. Thomas*, 887 F.2d 1341, 1345 (9th Cir.1989) (citing *Stenberg*, 803 F.2d at 435).[4] Stenberg, an outfitter, provided a hunter with a permit, which the hunter could not lawfully use, and guided the hunt to a no-hunting zone where an elk was killed. The cape (pelt from the head, neck and shoulders) of the elk was shipped out of state by another person.

In *Stenberg*, there was no contention that Stenberg literally sold wildlife. The government, in that case, argued that the sale of a hunting license and of guiding services constituted a "sale of wildlife." *Stenberg* is not controlling in this case inasmuch as Powers was not charged with the sale of wildlife.

■ Powers was not licensed as an outfitter for bear hunts; thus, in providing the outfitter services he violated Idaho law. The bears were hunted, killed, and taken by means of the services provided by Powers, in violation of Idaho law. Accordingly, Powers' violation of Regulation D.5 is an appropriate underlying State offense to support a Lacey Act conviction. There was clearly sufficient evidence to support the finding that Powers had transported, and assisted others in transporting, parts of the bears in interstate commerce, resulting in a violation of the Lacey Act.

AFFIRMED.

---

tinction between *Stenberg* and *Thomas* is that Thomas was charged with conspiracy and therefore as a conspirator could be liable for the criminal acts of all coconspirators. *Id.*

**4.** The Tenth Circuit, relying on *Stenberg*, also rejected the argument that the furnishing of guiding services on a wild animal hunt falls within the parameters of the "sale of wildlife" provisions of the Lacey Act. *United States v. DeMasters*, 866 F.2d 327, 329 (10th Cir.1989).