UNITED STATES of America, Plaintiff,

v.

**Thomas R. GROODY, Thomas C. Pietrini, Ronald E. Shortell, and Mike Smith, Defendants.**

**No. CR 91–31–M–CCL.**

United States District Court, D. Montana, Missoula Division.

July 17, 1991.

---

Kris McLean, Asst. U.S. Atty., Helena, Mont., for plaintiff.

Edmund F. Sheehy, Jr., Helena, Mont., James P. Taylor, Missoula, Mont., for defendants.

## OPINION AND ORDER

LOVELL, District Judge.

Defendants Thomas R. Groody, Thomas C. Pietrini, Ronald E. Shortell, and Mike Smith move to dismiss the information filed against them. The United States opposes Defendants' motions. Due to the similarity of the arguments of the parties, the court will consider the issues raised by each defendant as though they were raised by all defendants. The court will also consider the government's responses as being made to the arguments of all defendants.

Defendants contend that the court's dismissal with prejudice of a felony indictment against them precludes the government from filing misdemeanor charges against them based on the same facts as those alleged in the original indictment. The government responds that the court's use of the words with prejudice in its order dismissing the information was a clerical error, which the court can correct pursuant to Fed.R.Crim.P. 36. The government also argues that the court had a duty to warn the government of its intention before dismissing the indictment with prejudice. The aforementioned issues need not be decided in light of the court's conclusion concerning the government's argument that the information charges a different offense than the offense charged in the dismissed indictment.

While Defendants contend that they cannot be prosecuted on any charge arising out of the same set of facts for which the original charge was dismissed with prejudice, the court looks to the offense charged rather than the underlying facts when determining whether the charge in the instant information is precluded by the purported dismissal on the merits of the prior indictment. *See United States v. Oppenheimer*, 242 U.S. 85, 87, 37 S.Ct. 68, 69, 61 L.Ed. 161 (1916) (quashed indictment bars

reprosecution for the same offense); *United States v. Cejas*, 817 F.2d 595, 600–01 (9th Cir.1987) (dismissed indictment bars trial on reindictment for same conspiracy as charged in prior indictment). The same facts can form the basis for the prosecution of separate offenses. *Colley v. Sumner*, 784 F.2d 984, 989 (9th Cir.1986).

■ The dismissed indictment charged the defendants with the felony offense set forth in 16 U.S.C. § 3373(d)(1)(B) and the information charges the defendants with the misdemeanor offense set forth in 16 U.S.C. § 3373(d)(2). Those offenses are different, *United States v. Thomas*, 887 F.2d 1341, 1346 (9th Cir.1989), and conviction for the felony charge requires proof of a fact that conviction for the misdemeanor charge does not require. The dismissal, whether with or without prejudice, of the felony indictment does not preclude prosecution of the misdemeanor charge which arises out of the same transaction or act.

■ Defendants also argue that the information violates the constitutional protection against *ex post facto* laws because all of the alleged overt acts involve the sale of a hunting license and occurred prior to November 14, 1988, which was the effective date of the Lacey Act amendments which made it a violation of federal law to sell a hunting license. *United States v. Stenberg*, 803 F.2d 422 (9th Cir.1986). The government responds that it need not prove that any of the overt acts alleged were actually criminal in order to sustain a conspiracy conviction. The government further contends that the information properly alleges a violation of the Lacey Act prohibition against violating state hunting laws.

The government need not allege that all defendants committed the underlying substantive violation of the Lacey Act to charge the defendants with conspiracy, *Thomas*, 887 F.2d at 1345, and the alleged overt acts need not be criminal in nature. *Yates v. United States*, 354 U.S. 298, 334, 77 S.Ct. 1064, 1084, 1 L.Ed.2d 1356 (1957). The government must allege that the defendants knowingly conspired to engage in conduct prohibited by the Lacey Act.

*Thomas*, 887 F.2d at 1345; 16 U.S.C. § 3373(d)(2).

The Lacey Act prohibits "transporting, receiving, or acquiring wildlife taken in violation of state law." *Thomas*, 887 F.2d at 1345; 16 U.S.C. § 3372(a)(2)(A). Montana law prohibits hunting without a license, Mont.Code Ann. § 87–2–103, and altering or transferring a license. Mont.Code Ann. § 87–2–110. The information filed by the government properly charges the defendants with violation of the Lacey Act based on alleged conduct which violates state law. *United States v. Powers*, 923 F.2d 131, 133 (9th Cir.1990). Contrary to Defendants' assertions, *Stenberg* is not controlling because the defendants are not charged with the sale of wildlife. *Id.*

In accordance with the forgoing opinion,

IT IS HEREBY ORDERED that Defendants' motions to dismiss are DENIED.

In its belated response to Defendant Thomas C. Pietrini's motion for production of evidence, the government represents that it has fully complied with the requirements of Rule 16, Fed.R.Crim.P. Accordingly,

IT IS FURTHER ORDERED that Defendant Pietrini's motion for production of evidence is GRANTED to the extent that Pietrini is entitled to discovery under Rule 16, Fed.R.Crim.P. The government need not provide a list of its witnesses or their statements prior to trial. Fed.R.Crim.P. 16(a)(2).

The clerk is directed forthwith to notify counsel of entry of this order.