## UNITED STATES *v.* OPPENHEIMER ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

No. 412.    Argued October 19, 20, 1916.—Decided December 4, 1916.

A "motion to quash" an indictment, based upon a former adjudication
    that a previous indictment for the same offence was barred by the
    statute of limitations, *held*, in substance, a plea in bar.  *United States*
    v. *Barber*, 219 U. S. 72, 78.
Under the Criminal Appeals Act of March 2, 1907, c. 2564, 34 Stat.
    1246, the right to review decisions and judgments sustaining special
    pleas in bar is not limited to cases in which the decisions or judgments
    are based upon the invalidity or construction of the statutes upon
    which the indictments are founded.  *United States* v. *Keitel*, 211 U. S.
    370, and *United States* v. *Kissel*, 218 U. S. 601, explained and dis-
    tinguished.
A plea of the statute of limitations is a plea to the merits.
A judgment for defendant that the prosecution is barred by limitations
    goes to his liability in substantive law; and, in whatever form the
    issue was raised, such a judgment may be interposed as a conclusive
    bar to another prosecution for the same offence.
The Fifth Amendment, in providing that no one should be twice put
    in jeopardy, was not intended to supplant the fundamental principle
    of *res judicata* in criminal cases.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Warren*, with whom *Mr.
A. J. Clopton* was on the briefs, for the United States.

*Mr. Benjamin Slade*, with whom *Mr. L. Laflin Kellogg*
and *Mr. Abram J. Rose* were on the briefs, for Oppenheimer.

MR. JUSTICE HOLMES delivered the opinion of the court.

The defendant in error and others were indicted for a
conspiracy to conceal assets from a trustee in bankruptcy.

Act of July 1, 1898, c. 541, § 29; 30 Stat. 544, 554. The defendant Oppenheimer set up a previous adjudication upon a former indictment for the same offence that it was barred by the one-year statute of limitations in the bankruptcy act for offences against that act, § 29d; an adjudication since held to be wrong in another case. *United States* v. *Rabinowich*, 238 U. S. 78. This defence was presented in four forms entitled respectively, demurrer, motion to quash, plea in abatement, and plea in bar. After motion by the Government that the defendant be required to elect which of the four he would stand upon he withdrew the last-mentioned two, and subsequently the court granted what was styled the motion to quash, ordered the indictment quashed and discharged the defendant without day. The Government brings this writ of error treating the so-called motion to quash as a plea in bar, which in substance it was. *United States* y. *Barber*, 219 U. S. 72, 78.

The defendant objects that the statute giving a writ of error to the United States "From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy," Act of March 2, 1907, c. 2564, 34 Stat. 1246, is limited like the earlier clauses to judgments based on the invalidity or construction of the statute upon which the indictment is founded. But that limitation expressed in each of the two preceding paragraphs of the statute is not repeated here. The language used in *United States* v. *Keitel*, 211 U. S. 370, 399, had reference only to the construction of the indictment and to its sufficiency upon matters not involving a statute, in cases brought up by the United States under the earlier clauses of the Act. That quoted from *United States* v. *Kissel*, 218 U. S. 601, so far as material also meant that the sufficiency of the indictment would not be considered here upon a writ of error to the allowance of a plea in bar. In view of our opinion upon the merits

we do not discuss the preliminary objections at greater length.

Upon the merits the proposition of the Government is that the doctrine of *res judicata* does not exist for criminal cases except in the modified form of the Fifth Amendment that a person shall not be subject for the same offence to be twice put in jeopardy of life or limb; and the conclusion is drawn that a decision upon a plea in bar cannot prevent a second trial when the defendant never has been in jeopardy in the sense of being before a jury upon the facts of the offence charged. It seems that the mere statement of the position should be its own answer. It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt. It cannot be that a judgment of acquittal on the ground of the statute of limitations is less a protection against a second trial than a judgment upon the ground of innocence, or that such a judgment is any more effective when entered after a verdict than if entered by the Government's consent before a jury is empaneled; or that it is conclusive if entered upon the general issue, *United States* v. *Kissel*, 218 U. S. 601; 610, but if upon a special plea of the statute, permits the defendant to be prosecuted again. We do not suppose that it would be doubted that a judgment upon a demurrer to the merits would be a bar to a second indictment in the same words. *Iowa* v. *Fields*, 106 Iowa, 406. Wharton, Crim. Pl. & Pr., 9th ed., § 406.

Of course the quashing of a bad indictment is no bar to a prosecution upon a good one, but a judgment for the defendant upon the ground that the prosecution is barred goes to his liability as matter of substantive law and one judgment that he is free as matter of substantive law is as good as another. A plea of the statute of limitations is a plea to the merits, *United States* v. *Barber*, 219 U. S. 72, 78, and however the issue was raised in the former case,

after judgment upon it, it could not be reopened in a later prosecution. We may adopt in its application to this case the statement of a judge of great experience in the criminal law: "Where a criminal charge has been adjudicated upon by a court having jurisdiction to hear and determine it, that adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon, and may be pleaded in bar to any subsequent prosecution for the same offence. . . . In this respect the criminal law is in unison with that which prevails in civil proceedings." Hawkins, J., in *The Queen* v. *Miles*, 24 Q. B. D. 423, 431. The finality of a previous adjudication as to the matters determined by it, is the ground of decision in *Commonwealth* v. *Evans*, 101 Massachusetts, 25, the criminal and the civil law agreeing, as Mr. Justice Hawkins says. *Commonwealth* v. *Ellis*, 160 Massachusetts, 165. *Brittain* v. *Kinnaird*, 1 Brod. & B. 432. Seemingly the same view was taken in *Frank* v. *Mangum*, 237 U. S. 309, 334, as it was also in *Coffey* v. *United States*, 116 U. S. 436, 445.

The safeguard provided by the Constitution against the gravest abuses has tended to give the impression that when it did not apply in terms, there was no other principle that could. But the Fifth Amendment was not intended to do away with what in the civil law is a fundamental principle of justice (*Jeter* v. *Hewitt*, 22 How. 352, 364), in order, when a man once has been acquitted on the merits, to enable the Government to prosecute him a second time.

*Judgment affirmed.*