### STECK v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted October 5, 1926. Decided November 1, 1926.)

No. 4464.

Criminal law ⊜186—Directed verdict of acquittal, because of variance in indictment for false pretenses and proof of date of certificate of deposit alleged to have been unlawfully obtained, held to sustain plea of former jeopardy to subsequent indictment for same offense, alleging different date.

Directed verdict of acquittal in prosecution for false pretenses, because of variance between indictment and proof relative to date of certificate of deposit alleged to have been unlawfully obtained, held sufficient to support plea of former jeopardy to subsequent indictment for same offense, alleging different date of certificate.

Appeal from the Supreme Court of the District of Columbia.

Frank W. Steck was convicted of the offense of false pretenses, and he appeals. Reversed and remanded.

R. E. Lynch, of Washington, D. C., and Philbrick McCoy, of Los Angeles, Cal., for appellant.

Peyton Gordon and Wm. H. Collins, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a verdict and judgment of the Supreme Court of the District of Columbia, convicting the appellant of the crime of false pretenses.

The appellant was indicted on September 30, 1924, charged in two counts of the offense of false pretenses. The crime consisted in feloniously and unlawfully obtaining a certain certificate of deposit dated July 2, 1923. The crime was charged to have been committed on May 12, 1923. When the case came on for trial, it was discovered that the alleged date of the certificate of deposit was subsequent to the date of the commission of the offense as charged in the indictment. This the court held to constitute a fatal variance, and directed a verdict of acquittal on both counts of the indictment.

On May 18, 1925, the appellant was again indicted of the offense of false pretenses. This indictment differed from the first indictment only in the date of the certificate of deposit. In the first indictment the date was alleged to be July 2, 1923; in the second indictment the date of the certificate is alleged to be July 2, 1922. Before trial on the second indictment, defendant filed his plea in bar, in which, after a full statement of the facts, he asked to be dismissed and discharged on the ground that he had once been placed in jeopardy of his liberty for the offense charged in the second indictment. The plea was overruled; defendant was placed on trial, and found guilty on the first count of the indictment, the court directing a verdict of not guilty on the second count.

A number of assignments of error are relied upon, but we think that the case can be disposed of on the alleged error of the court in overruling the special plea of former jeopardy. It is conceded that the offense alleged in the two indictments is the same. The same date appears on which the commission of the offense is charged. The same parties connected with the transaction are set out in each case, and the same certificate of deposit; the sole difference appearing in the date of the certificate of deposit as alleged in the two indictments.

We think this case is controlled by the decision of this court in Nordlinger v. United States, 24 App. D. C. 406. In that case the indictment was in two counts, in each of which the defendant was charged with the larceny of a piano. At the trial witnesses testified that the instruments stolen were called autolectras. For this variance a directed verdict of not guilty was returned. The second indictment, and the one which the court had before it for consideration, was a duplication of the first indictment, excepting that it charged the larceny of autoelectric and autolectras pianos. In that case, as in the one at bar, the court overruled the plea of abatement and the defendant was convicted, from which the appeal was taken.

The court, after finding that the indictments were the same, with the exception of the words descriptive of the pianos stolen, said: "The court had unquestioned jurisdiction, and the indictment was, on its face, at least, technically formal and substantially good. As has been seen, the property charged in each indictment was the same in fact, though described somewhat differently, belonged to the same owner, and was unlawfully taken under the same circumstances, from the possession of the same person, at the same time and place. The test of the identity of offenses that has commonly been applied in such cases is whether the facts necessary to conviction under the second indictment would have been sufficient, if proved, to warrant a conviction under the first" for the same offense. We see no distinction between this case and the one at bar. Here the only difference consists in a misstated date of the certificate of deposit. This amounted to merely an element of description, as in the case of the pianos in the Nordlinger Case.

The rule as to former jeopardy, approved in Grafton v. United States, 206 U. S. 352, 27 S. Ct. 754, 51 L. Ed. 1084, 11 Ann. Cas. 640, is stated by Bishop in his treatise on Criminal Law (7th Ed.) 1050, as follows: "It is not necessary, to establish the defense 'autre fois acquit' or 'convict,' that the offense in each indictment should be the same in name. If the transaction is the same, or if each rests upon the same facts between the same parties, it is sufficient to make a good defense." The court in the Grafton Case rested its decision upon the following broad ground: "We rest our decision of this question upon the broad ground that the same acts

constituting a crime against the United States cannot, after the acquittal or conviction of the accused in a court of competent jurisdiction, be made the basis of a second trial of the accused for the crime in the same or in another court, civil or military, of the same government."

This is but a reiteration of the principle announced in Kepner v. United States, 195 U. S. 101, 24 S. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655, and Ex parte Lange, 85 U. S. (18 Wall.) 163, 21 L. Ed. 872, and in the latest utterance of the Supreme Court, United States v. Oppenheimer, 242 U. S. 85, 37 S. Ct. 68, 61 L. Ed. 161, 3 A. L. R. 516, where Mr. Justice Holmes, speaking for the court, said: "We may adopt, in its application to this case, the statement of a judge of great experience in the criminal law: 'Where a criminal charge has been adjudicated upon by a court having jurisdiction to hear and determine it, that adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon, and may be pleaded in bar to any subsequent prosecution for the same offense.' "

The case of Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153, here relied upon by counsel for the government, has no application to the case at bar. There the defendant was convicted on an indictment charging him with breaking and entering a post office with intent to commit larceny, and in a second count charging him with the commission of the crime of larceny. He was sentenced to the penitentiary for the term of four years on the first count, and for the term of two years on the second count of the indictment, the sentence to be cumulative and not concurrent. When he had served the four-year sentence, he instituted proceedings in habeas corpus to be discharged from confinement. The court, holding that the breaking and the larceny described two separate and distinct offenses, in its opinion disposed of the case as follows: "As to the contention of double jeopardy, upon which the petition of habeas corpus is rested in this case, this court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."

In Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392, also relied upon by counsel for the government, the court had a similar question before it to that involved in the Morgan Case. Burton had been indicted for two separate offenses; one for agreeing to receive compensation in violation of a statute of the United States, and the other for receiving such compensation. Disposing of this contention, the court said: "It was certainly competent for Congress to make the agreement to receive, as well as the receiving of, the forbidden compensation separate, distinct offenses. The statute, in apt words, expresses that thought by saying: 'No Senator * * * shall receive or agree to receive any compensation whatever, directly or indirectly, for any services rendered or to be rendered,' etc. There might be an agreement to receive compensation for services to be rendered without any compensation ever being in fact made, and yet that agreement would be covered by the statute as an offense. Or compensation might be received for the forbidden services without any previous agreement, and yet the statute would be violated. In this case, the subject-matter of the sixth count, which charged an agreement to receive $2,500, was more extensive than that charged in the seventh count, which alleged the receipt of $500. But Congress intended to place its condemnation upon each distinct, separate part of every transaction coming within the mischiefs intended to be reached and remedied. Therefore an agreement to receive compensation was made an offense. So the receiving of compensation in violation of the statute, whether pursuant to a previous agreement or not, was made another and separate offense.".

A glance at these cases demonstrates that they have no application to the case at bar. There separate and distinct offenses were charged, requiring separate and distinct evidence to establish each charge, while in the present case the same offense is charged in each indictment, and is supported by identically the same evidence. To support the charge, the mere identification of the certificate of deposit as the one obtained by the defendant would be sufficient to establish its identity. The date appearing upon its face proves itself; consequently the date of the certificate would not become in itself even a matter of separate proof.

The plea of abatement should have been sustained, and the defendant dismissed. The judgment is therefore reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.