DOWNEY, Judge,
concurring specially:
I concur entirely in the reasoning and conclusion reached in the opinion authored by Judge Glickstein. However, I would add that collateral estoppel should be applied to the case at bar as a matter of due process and does not require the attachment of jeopardy as a condition precedent to application of the doctrine. United States ex rel. DiGiangiemo v. Regan, 528 F.2d 1262 (2d Cir. 1975). In addition, apart from the due process argument, there are sound policy reasons for the application of collateral estoppel in this factual setting. The doctrine of collateral estoppel had its genesis in civil cases and was intended to prevent rep *1116 etitious litigation of issues by the same parties. Laughlin v. United States, 344 F.2d 187 (D.C.Cir.1965). Like the related doctrine of res judicata, which holds that a judgment is a bar to the prosecution of a second action between the same parties based on the same claim or cause of action, collateral estoppel was aimed at precluding the reconsideration of issues in a different cause between the same parties. Why should a party be allowed to relitigate an issue as to which, you might say, he has had his day in court? It would seem the doctrine should be more attractive from a policy standpoint than ever before, what with the overwhelming volume of litigation existent in most of our courts.
I see no reason whatsoever why the doctrine of collateral estoppel should not be applied in criminal cases. This concept is not novel and has been utilized by a number of federal courts,[1], particularly where, as here, the state had the opportunity to appeal the adverse ruling in the case which originally considered the issue.

. Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948); United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916); Travers v. U. S., 335 F.2d 698 (D.C.Cir.1964); United States v. DeAngelo, 138 F.2d 466 (3d Cir. 1943).