## In re Richard A. Smith

[498 A.2d 497]

No. 83-569

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed June 7, 1985

*Patrick L. Biggam*, Montpelier, for Petitioner-Appellant.

*William S. Bos*, Windsor County State's Attorney, White River Junction, for Respondent-Appellee.

**Underwood, J.** Petitioner, Richard A. Smith, having been tried and convicted of murder in the first degree and rape, having that verdict and judgment overturned on appeal, and having been tried and convicted a second time on the same charges, took a second appeal. He lost this second appeal, *State* v. *Smith*, 140 Vt. 247, 437 A.2d 1093 (1981) ("*Smith II*"), and thereupon petitioned the Washington Superior Court for post-conviction relief, alleging, inter alia, that he had been denied the effective assistance of counsel.

The State moved to dismiss two allegations from the petition: (1) that there had been an improper mention of the first trial by petitioner's attorneys during jury voir dire at the second trial, and (2) that there had been an improper reference by the state's attorney to the first trial while cross-examining petitioner's psychiatrist, and that petitioner's counsel had failed to object thereto. The trial court, in granting the State's motion, relied upon the doctrine of collateral estoppel in concluding that the issues had been previously addressed in the direct appeal of the second trial, *Smith II*. The sole issue before us is whether the trial court erred when it so ruled.

■ Because the two issues raised in the petition for post-conviction relief were not identical to or similar to those brought to the attention of the Court in *Smith II*, we reverse and remand for an evidentiary hearing on these two issues.

## I.

With respect to petitioner's first claim that during voir dire in the second trial his attorneys made mention of defendant's earlier trial on the same charges, we noted in *Smith II*:

> An examination of the voir dire of the jury reveals that at least six jurors were asked about their knowledge of the prior trial, *several of the questions coming from defense counsel*. Most knew a trial had taken place and that defendant was convicted. *Since defense counsel did not hesitate to refer to the previous trial during voir dire*, and since its occurrence was generally known, the prosecutor's remarks were harmless error.

*Id.* at 257, 437 A.2d at 1097-98 (emphasis added).

The defendant in *Smith II*, however, was challenging the propriety of the conduct of the *state's attorney* during voir dire, and not the conduct of his own attorney. We agreed in *Smith II* that the *state's attorney's* remarks were improper, but we ruled the remarks harmless error in view of the fact that defendant's own attorney had made similar references to the prior trial during the voir dire.

In his post-conviction relief proceeding, however, petitioner claims that he was denied his constitutional right to effective assistance of counsel on the grounds that *his own attorney* made

improper references to his first trial during voir dire in his second trial. The trial court erred in granting the State's motion to dismiss this claim from petitioner's petition without first granting him an evidentiary hearing thereon.

## II.

Petitioner's second claim of error is that the state's attorney made improper references to the first trial in cross-examination of defendant's own psychiatrist during the second trial, and that petitioner's attorneys failed to object, thereby depriving him of his right to effective assistance of counsel. We note a significant difference between petitioner's allegation here and his allegation which we addressed in *Smith II*.

In *Smith II*, defendant did not claim a violation of his right to effective assistance of counsel in connection with the cross-examination of his own psychiatrist by the state's attorney. Instead, defendant argued in *Smith II* that his Sixth Amendment right to confront witnesses had been violated.

> Cross-examination of defendant's expert psychiatrist included interrogation concerning the witness' opinion of mental reports prepared by other doctors who had examined defendant. The defense contends that references to such psychiatric reports violated defendant's Sixth Amendment right to confront witnesses. Defendant's rambling argument appears to concede that defense attorneys opened the door to that line of questioning . . . .

*Id.* at 260, 437 A.2d at 1099.

Thus the trial court erred in granting the State's motion to dismiss this claim from petitioner's petition without first granting him an evidentiary hearing thereon.

## III.

Although the doctrine of collateral estoppel is applicable to criminal cases, *Ashe* v. *Swenson*, 397 U.S. 436, 443 (1970), it is inapplicable to the circumstances of this case.

> "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of *ultimate fact* has once been determined by a valid and final

judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision more than 50 years ago in *United States* v. *Oppenheimer*, 242 U.S. 85 [(1916)].

*Id.* (emphasis supplied). As previously noted, this is not a situation where the petitioner is attempting to relitigate issues previously raised in the direct appeal of his conviction. Therefore, collateral estoppel should not have been applied.

*Reversed and remanded for an evidentiary hearing on issues one and two, hereinabove discussed; affirmed in all other respects.*