### State v. Tolbert
*[Cite as 2 AOA 15]*

*Case No. C-890148*
*Hamilton County, (1st)*
*Decided April 4, 1990*

*5th Amend. U.S. Const.*
*R.C. 2903.11*
*R.C. 2903.13*

*Arthur M. Ney, Jr., Prosecuting Attorney, David L. Prem, Esq., and John Arnold, Esq., 420 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellant,*

*Sand and Stidham and Chuck R. Stidham, Esq., 703 Jefferson Avenue, Reading, Ohio 45215, for Defendant-Appellee.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, the transcript of the proceedings, the briefs and the arguments of counsel.

The plaintiff-appellant, the State of Ohio ("State"), appeals from the judgment of the Hamilton County Court of Common Pleas in which it granted the motion of the defendant-appellee, Randy Tolbert (appellee), to dismiss the charges set forth in the indictment returned against him. For the reasons that follow, we affirm the trial court's judgment.[1]

The appellee struck Gale Renee Ochs ("Ochs") in the face with his fist on the morning of November 8, 1988. Ochs was given a referral by a Cincinnati police officer to sign a simple assault charge under R.C. 2903.13 against the appellee, which she accomplished shortly after the attack.

Ochs then sought treatment in a local hospital for the injuries she had suffered at the appellee's hand. The treatment included the taking of X-rays and a CAT scan. One week after the attack, Ochs was informed that she had suffered a blow-out fracture of her skull which required surgery.

While the record is not clear as to how the information concerning the severity of Ochs's injury was communicated to the Cincinnati Police Department, the record reflects that a Cincinnati police officer signed a complaint against the appellee for felonious assault on November 22, 1988, based upon the November 8, 1988 incident. On December 21, 1988, the grand jury of Hamilton County indicted the appellee for felonious assault, alleging that the appellee knowingly caused serious physical harm to Ochs. By that time, however, the appellee had pleaded guilty to Och's misdemeanor assault complaint (the plea was tendered and accepted on November 9, 1988).

The appellee moved to dismiss the felonious-assault charge on double-jeopardy grounds on January 19, 1989. The trial court granted the motion, after a hearing, on March 3, 1989, generating the State's timely appeal in which it assigns as error the trial court's granting of the motion to dismiss. The assignment of error is without merit.

In *Blockburger v. United States* (1932), 284 U.S. 299, 52 S. Ct. 180, the Supreme Court set forth the test used to determine whether two statutory provisions are sufficiently distinguishable to allow multiple prosecutions:

"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S. Ct. at 182 (citations omitted).

In *Ashe v. Swenson* (1970), 397 U.S. 436, 90 S. Ct. 1189, the United States Supreme Court reviewed the denial of a habeas corpus petition. There, the petitioner had been acquitted by a jury of robbing one of six participants in a card game.[2] Six weeks later, the petitioner was tried for robbing a second player of the same card game and was convicted. In reversing the denial of the petition, the court explained that the federal rule of collateral estoppel:

"* * * means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this court's decision more than fifty years ago in *United States v. Oppenheimer*, 242 U.S. 85, 37 S. Ct. 68, 61 L.Ed. 161." *Id.* at 443, 90 S. Ct. at 1194. The court then held that the collateral estoppel rule of federal law is embodied in the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson, supra* at 445, 90 S. Ct. at 1195

As noted above, the instant indictment for felonious assault alleged that the appellee knowingly caused serious physical harm to Ochs. Crim. R. 2903.11(A)(1). The appellee had previously pleaded guilty to simple assault, a violation of R.C. 2903.13, which provides:

"(A) No person shall knowingly cause or attempt to cause physical harm to another.

"(B) No person shall recklessly cause serious physical harm to another.

"(C) Whoever violates this section is guilty of assault, a misdemeanor of the first degree."

In *State v. Thomas* (1980), 61 Ohio St. 2d 254, 400 N.E.2d 898, the Ohio Supreme Court held in the third, fourth and fifth paragraphs of the syllabus respectively:

"3. For purposes of the Double Jeopardy Clause, in deciding whether the same act or transaction constitutes a violation of two distinct statutory provisions or only one, a determination must be made as to whether each provision requires proof of a fact which the other does not." (See *Blockburger v. United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L.Ed. 306.)

"4. Even though the same act or transaction may constitute a violation of two distinct statutory provisions and would permit the imposition of multiple sentences, successive prosecutions will be barred in certain

circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." (See *Ashe v. Swenson,* 397 U.S. 436, 90 S. Ct. 1189, 25 L.Ed. 469, and *Nielsen, Petitioner,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118.)

"5. An exception to the rule of *Ashe v. Swenson* may exist where the state is unable to proceed with one of the charges at the time of the first trial because additional facts necessary to sustain the charge have not occurred or have not been discovered despite the exercise of due diligence." (See *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187.)

As the above holdings explain, a court, when presented with a case such as this one, must first determine whether the act constitutes a violation of two distinct statutory provisions or only one. If the court determines that the act does constitute a violation of two such statutory provisions, the court must determine whether the collateral-estoppel rule of *Ashe v. Swenson* applies. If so, the exception to the rule of *Ashe v. Swenson, supra,* may permit the relitigation of the factual issues, and a subsequent prosecution, if the additional facts necessary to sustain the subsequent prosecution had not occurred, at the time of the first prosecution, or could not have been discovered despite the exercise of due diligence.

The State argues that the exception to the rule of *Ashe v. Swenson* is applicable to the cause *sub judice* because Ochs did not learn of her skull fracture until after the appellee had pleaded guilty to the simple assault charge. The State's argument fails because it is unnecessary to reach the question of whether the exception to the rule of *Ashe v. Swenson* applies to this case in view of our determination from a comparison of the statutes *sub judice,* that one cannot commit felonious assault without also committing simple assault. See *State v. Thomas, supra.* The exception cannot materially come into play in a case where the *Blockburger* test demonstrates that the defendant committed only one distinct offense.

We, therefore, hold that the trial court did not err when it granted the appellee's motion to dismiss. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J.,
HILDEBRANDT
and GORMAN, JJ.

---

[1] We have *sua sponte* removed this case from this Court's accelerated calendar and placed it on our regular calendar.
[2] The evidence at the first trial identifying the petitioner as one of several robbers was extremely weak.