**UNITED STATES of America**

v.

**Clifford Eugene PLASTER, Defendant.**

**Criminal No. 98–6–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

July 14, 1998.

Richard A. Lloret, U.S. Attorney's Office, Abingdon, VA, for Plaintiffs.

Darrell A. Poe, Bradford & Poe, P.C., Abingdon, VA, for Defendant.

**OPINION**

JONES, District Judge.

The question in this criminal case is whether collateral estoppel bars the government

---

from prosecuting the defendant for false swearing committed at a prior sentencing hearing, when the judge at sentencing accepted the defendant's testimony on the factual dispute at issue. Based on the circumstances of this case, I hold that collateral estoppel does apply and dismiss the prosecution.

## I

The defendant, Clifford Eugene Plaster, pleaded guilty in a prior criminal case in this court to being a felon in possession of a firearm. At sentencing, on September 22, 1997, before Senior United States District Judge Glen M. Williams, the government sought to enhance Plaster's sentence on the ground that he had obstructed the administration of justice by attempting to persuade a government witness, David Frazier, not to testify against him about a gun transaction.[1] Frazier was the proprietor of a pawnshop, and had given Plaster a loan in return for the pawn of a rifle. The rifle was the basis of the prosecution of Plaster for being a felon in possession.

Frazier did not testify at the sentencing hearing. The government case agent, Bernard Teyssier, testified that Frazier had told him that Plaster had come back to the pawnshop "and offered to pay me not to cooperate with the investigation [into the felon in possession charge]."[2] Plaster testified in his own behalf at the hearing. He stated that he had been interviewed by agent Teyssier and had admitted that he had possessed the rifle and was a convicted felon. Thereafter, he had returned to the pawnshop because he knew that agent Teyssier had seized the pawned rifle and he wanted to "talk to the man about paying him the money that I

borrowed off of him. ... That was the only reason I stopped by this pawnshop." Plaster further testified:

> My exact words to him were don't worry about the hundred dollars because I borrowed the money, I will make sure, if I go to jail or not, I will pay you this hundred dollars.
>
> .     .     .     .     .
>
> Q[uestion] Did you make any threats to this man?
>
> A[nswer] I did not and, like I say, if he took it wrong thinking I'm trying to pay him off, I'm sorry he did because I did not.[3]

At the conclusion of the hearing, Judge Williams denied the government's request for sentence enhancement by reason of Plaster's comments to Frazier, and sentenced Plaster to forty-six months imprisonment.[4]

Thereafter, the grand jury of this court returned the present indictment, charging Plaster with making a false material declaration[5] by reason of his testimony at the sentencing hearing, as related above. The indictment alleged that the testimony was false because Plaster knew that in fact he had offered to pay off the witness Frazier in order to avoid Frazier testifying truthfully about Plaster's possession of a firearm.

Plaster moved to dismiss the indictment on the ground that Judge Williams had already determined the issue raised by the present prosecution in the sentencing hearing, and that to proceed further would constitute double jeopardy. Plaster also contended in the motion that the government was estopped

1. If a defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation of the crime, the offense level for sentencing purposes is increased two levels. United States Sentencing Commission, *Guidelines Manual* ("USSG") § 3C1.1 (1995). Unlawfully influencing a witness or attempting to suborn perjury are examples of the types of conduct to which this enhancement applies. USSG § 3C1.1, comment. (n.3(a), (b)) (1995).

2. Tr. Sentencing Hr'g, Sept. 22, 1997, at 11. Hearsay evidence is admissible in sentencing de-

terminations. USSG § 6A1.3(a), comment. (1995).

3. Tr. Sentencing Hr'g, Sept. 22, 1997, at 57–58.

4. Without the enhancement for obstruction, Plaster's sentence guideline range was 37 to 46 months, based on an offense level of 17, and a criminal history category of IV. Tr. Sentencing Hr'g, Sept. 22, 1997, at 81–82.

5. 18 U.S.C.A. § 1623(a) (West Supp.1998).

from prosecuting the charge by virtue of Judge Williams' prior ruling.

The issues raised in the motion to dismiss have been briefed and argued by the parties, based on the transcript of the sentencing hearing, as well as transcripts of the grand jury testimony of David Frazier, the pawnbroker, and Mary Ann Alexander, Plaster's former girl friend, who was present during the crucial conversation between Plaster and Frazier. Alexander, who also did not testify at the sentencing hearing, told the grand jury that Plaster had offered to pay Frazier the loan plus an additional sum of money, "to say that he wasn't the one in there." [6] Similarly, Frazier told the grand jury that Plaster had offered to pay the money owed if Frazier would "forget about it." [7]

The motion to dismiss is now ripe for decision. [8]

## II

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." [9] This provision "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." [10]

While the Supreme Court has not directly spoken on the issue, there seems little doubt that had Judge Williams imposed the sentence enhancement on Plaster for obstruction of the administration of justice, Plaster nonetheless could have been prosecuted for the same conduct. For example, in *United States v. Grisanti* [11] the Second Circuit, citing the holding of the Supreme Court in *Witte v. United States*, [12] held that there was no double jeopardy in prosecuting a defendant for obstruction of justice in attempting to influence a witness, where the defendant's prior sentence for a different crime had been enhanced for the same conduct. [13]

The prohibition here, if it exists, arises from collateral estoppel. This principle is derived from civil law, and has been incorporated by the Supreme Court into the protections afforded by the Double Jeopardy Clause. [14] Also known as issue preclusion, [15] it "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit." [16] Thus, collateral estoppel bars relitigation of disputed facts even if a second criminal prosecution is not barred. [17] The defendant who seeks to foreclose such relitigation has the burden of proving that the "issue of ultimate fact" was actually decided in the first proceeding. [18]

The defense of collateral estoppel is frequently raised where a defendant is prose-

---

6. Tr. Test. Mary Ann Alexander, Nov. 13, 1997, at 6.

7. Tr. Test. David Frazier, Nov. 12, 1997, at 5.

8. Plaster has entered a conditional guilty plea to the present charge, with the consent of the government and the approval of the court. The plea agreement provides that if the motion to dismiss is granted, or if Plaster is successful on any appeal, Plaster will be allowed to withdraw his guilty plea. *See* Fed.R.Crim.P. 11(a)(2).

9. U.S. Const. amend. V.

10. *Monge v. California,* —— U.S. ——, ——, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998).

11. 116 F.3d 984 (2d Cir.1997).

12. 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). In *Witte,* the Supreme Court held that the use of cocaine importation conduct to impose a higher sentence on marijuana charges did not bar subsequent prosecution for the co-

caine importation. *Id.* at 399–400, 115 S.Ct. 2199.

13. *Id.* at 987–88.

14. *Ashe v. Swenson,* 397 U.S. 436, 443–45, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). *See generally* Note, *The Due Process Roots of Criminal Collateral Estoppel,* 109 Harv. L.Rev. 1729 (1996).

15. *Schiro v. Farley,* 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994).

16. *Ashe v. Swenson,* 397 U.S. at 443, 90 S.Ct. 1189.

17. *Simon v. Commonwealth,* 220 Va. 412, 258 S.E.2d 567, 570 (1979).

18. *Dowling v. United States,* 493 U.S. 342, 350–51, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *United States v. Ragins,* 840 F.2d 1184, 1194 (4th Cir.1988).

cuted for perjury or false swearing after testifying at a trial at which he or she is acquitted.[19] In *United States v. Nash*[20] the defendant, a postal worker, had been prosecuted for stealing money from the mails. She had been caught with three coins in her possession which the government contended she stole from a letter specially prepared by postal inspectors. At trial she testified that she had obtained the coins from a coin machine, and not from a letter, and was acquitted.

The defendant was then prosecuted and convicted for perjury based on her trial testimony. On appeal, the Fourth Circuit held that collateral estoppel barred her perjury prosecution, since the only question at her first trial had been where she had obtained the coins, and in order to acquit her, "the jury 'necessarily' had to pass upon the truthfulness of her account." [21]

Here, the government does not dispute that Judge Williams declined to impose the sentencing enhancement because he credited Plaster's account of his conversation with Frazier. As in *Nash*, Judge Williams was faced with a simple and straightforward factual dispute. If Plaster attempted to bribe Frazier, he deserved the sentencing enhancement; if Plaster was merely reassuring Frazier that the loan would be repaid, he did not deserve it. The enhancement, by its terms, is mandatory, thus necessitating a decision

between the two conflicting factual versions of the events.

In fact, Judge Williams' oral opinion at the sentencing hearing confirms that he accepted Plaster's version, based in part on the government's use of hearsay testimony to prove the contrary and the implausibility of an effort by Plaster to buy off a witness after he had already confessed to a government agent.[22]

Thus, assuming that Judge Williams' factual finding qualifies as a determination of an issue of ultimate fact, the government contends that collateral estoppel still does not apply because the determination occurred in a sentencing proceeding. Whether Plaster's sentencing proceeding qualifies for the application of collateral estoppel is the ultimate question in this case.

### III

As the government notes, double jeopardy protections have generally been held inapplicable to sentencing proceedings. This is because sentencing enhancements have not been viewed as additional punishment for the previous offense, and because sentencing decisions favorable to a defendant are not seen as comparable to an acquittal.[23] For example, if a defendant's sentence is reversed on appeal because of the insufficiency of the evidence to support it, the prosecution is not prevented by the Double Jeopardy Clause

---

19. *See* Joel E. Smith, Annotation, *Acquittal as bar to prosecution of accused for perjury committed at trial*, 89 A.L.R.3d 1098 (1979).

20. 447 F.2d 1382 (4th Cir.1971).

21. *Id.* at 1385.

22. As Judge Williams stated:

For the most part, the evidence of the Government is based on hearsay. The principal key evidence regarding the matter of obstruction of justice is a hearsay statement by a pawnbroker to the effect that the defendant came back in, after having been questioned by the investigating officer, and offered him money not to cooperate in regard to the prosecution or further investigation of this case.

In a way, in a very strong way, this doesn't make any sense....

ZL

So, we have a hearsay statement, in which the defendant has testified, and explained the matter that he did go back to see the man at the

pawnshop but his purpose in doing so was with the state of mind that he would pay the hundred dollars which he received because the man had lost the security, that is the gun, that had been pawned and lost a hundred dollars, which is reasonable, that that did occur.

At any rate, based upon the charge of obstruction of justice, I find that the Government has not borne the burden of proof....

(Tr. Sentencing Hr'g, Sept. 22, 1997, at 76–77.)

23. *See generally Monge v. California*, —— U.S. ——, ——, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615.

from a new opportunity to present evidence, at least in noncapital cases.[24]

On the other hand, so long as the particular sentencing hearing otherwise meets the requirements for collateral estoppel, precedent supports the doctrine's application to preclude both the government and the defendant from relitigation of facts established at sentencing.[25] While collateral estoppel is part of the protections of the Double Jeopardy Clause, it is not coextensive with it, and has historical common law roots of its own.[26]

For example, in *United States v. Oppenheimer*,[27] the Supreme Court affirmed the dismissal of a criminal indictment where a previous indictment for the same offense had been dismissed on the statute of limitations. Justice Holmes, writing for the Court, noted that even though jeopardy had not attached, and thus the Double Jeopardy Clause was not implicated, the traditional principles of res judicata barred the second indictment.[28]

It is true that criminal charges of which a defendant has been acquitted may be later used to enhance his sentence, but that is because the sentencing judge employs a lower standard of proof than guilt beyond a reasonable doubt.[29] Here, the burden of proof at any trial of Plaster for false swearing would be greater than that used by Judge Williams in the sentencing determination.[30]

The government argues that it would be unfair to allow Plaster to escape conviction for false swearing, since it would have the effect of encouraging defendants to lie at sentencing hearings. If their lies are successful, they receive lower sentences, if not, they are no worse off.[31]

That argument is not persuasive. In the first place, the application of collateral estoppel to criminal cases may always have the effect, at least theoretically, of insulating a defendant from later perjury charges, and sentencing is not unique in this regard. Moreover, perjury is still deterred, since the sentencing judge may impose a sentence enhancement for perjury committed at the sentencing hearing.[32]

The government also contends that since sentencing hearings are often less than full-blown proceedings, it would be inappropriate to foreclose the reexamination of factual issues based on such hearings.[33] It is true that for a factual determination to be preclusive, the parties must have had a full and fair opportunity to litigate the issue, and for this reason the court must carefully examine the record of the earlier proceeding.[34] Not every sentencing hearing would thus pass muster, since the sentencing judge is given wide discretion in the method of determination of relevant sentencing facts.[35]

In the present case, the parties had a full and fair opportunity to litigate the question of Plaster's contact with the witness Frazier. It was a matter discussed in the probation officer's presentence report, and the govern-

**24.** *Id.*

**25.** *See United States Sec. & Exch. Comm'n v. Monarch Funding Corp.*, 983 F.Supp. 442, 446–47 (S.D.N.Y.1997); *See generally* Richard B. Kennelly, Jr., *Precluding the Accused: Offensive Collateral Estoppel in Criminal Cases*, 80 Va. L.Rev. 1379 (1994).

**26.** *See* Note, 109 Harv. L.Rev. 1729, *supra* note 14, at 1730.

**27.** 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916).

**28.** *Id.* at 87, 37 S.Ct. 68.

**29.** *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 637, 136 L.Ed.2d 554 (1997).

**30.** Judge Williams correctly applied the standard of proof of preponderance of the evidence. Tr. Sentencing Hr'g, Sept. 22, 1997, at 76. *See* USSG § 6A1.3, comment, (1995); *United States v. Urrego–Linares*, 879 F.2d 1234, 1237–38 (4th Cir.1989).

**31.** Mem. Resp. to Def.'s Mot. to Dismiss 9.

**32.** *United States v. Hassan*, 927 F.2d 303, 309 (7th Cir.1991).

**33.** *Id.*

**34.** *Ashe v. Swenson*, 397 U.S. at 444, 90 S.Ct. 1189 (quoting *Sealfon v. United States*, 332 U.S. 575, 579, 68 S.Ct. 237, 92 L.Ed. 180 (1948)).

**35.** Written statements of counsel or affidavits may be used, and out-of-court declarations by unidentified informants may be considered under certain circumstances. USSG § 6A1.3, comment (1995).

ment was prepared for it. For likely reasons of economy, the government chose to present the evidence of Plaster's obstruction of the administration of justice solely through the hearsay testimony of the case agent, without calling Frazier or Alexander. Nevertheless, there is no claim that the government could not have called those witnesses, had it desired to do so. The prosecutor was allowed full cross-examination of Plaster, and the court put no restrictions on the government's opportunity to litigate the issue.

Under these circumstances, where the issue of ultimate fact was decided between the parties in a full and fair hearing, incorporated in a final judgment, I find that collateral estoppel bars the relitigation of that fact. Since the present prosecution is premised entirely on that foreclosed fact, the motion to dismiss must be granted.

An appropriate final order will be entered.