Robert Perry appeals the judgment of the Washington County Court of Common Pleas denying Perry's request that the court modify the mandatory fines it imposed upon him for his convictions of trafficking in marijuana and drug abuse. Perry asserts that the trial court prejudicially erred by finding that R.C. 2925.03 precluded it from suspending his mandatory fine because he did not file his affidavit of indigency prior to sentencing. We disagree, because the doctrine of resjudicata barred the trial court from ruling upon Perry's motion to suspend fines. Therefore, the trial court did not err by refusing to suspend Perry's fines. Accordingly, we affirm the judgment of the trial court.
 I.
In 1996, the trial court found Perry guilty of three counts of trafficking in marijuana, in violation of R.C. 2925.03, one count of drug abuse, in violation of R.C. 2925.13, and one count of having a weapon under disability, in violation of R.C.2923.13. In March 1996, the trial court sentenced Perry to prison and ordered him to pay mandatory drug fines of $7,500 and court costs. Perry did not file an affidavit of indigency.
Following his release from prison in July 1998, Perry moved the court to suspend his payment of fines and court costs. The trial court denied his request and erroneously indicated that it had not imposed fines on Perry. In August 1998, the court filed an entry supplementing its July 1998 ruling, noting that the trial court had ordered Perry to pay fines.[1] The court did not grant Perry's request and noted that he did not file an affidavit of indigency prior to sentencing. Perry did not appeal this order.
In September 1998, Perry filed a second motion to suspend fines. Perry attached an affidavit in which he averred that he was indigent because his sole source of income was social security disability insurance. The trial court denied the motion, noting that Perry did not file an affidavit of indigency at the time of sentencing.
Perry appeals the judgment of the trial court, asserting the following assignment of error for our review:
 THE TRIAL COURT ERRED RULING THAT ORC 2925.03(L) PRECLUDES THE COURT FROM FOREGOING/SUSPENDING THE MANDATORY FINE WHEN THE AFFIDAVIT OF INDIGENCY IS NOT FORMALLY FILED PRIOR TO SENTENCING HAS BEEN HELD TO BE AN "OVERLY STRICT INTERPRETATION" STATE V. KING (1992) OHIO APP LEXIS 1799. (sic) (APPENDIX C), AND CONSTITUTES PREJUDICIAL ERROR IN THE INSTANT CASE.
 II.
In his sole assignment of error, Perry asserts that the trial court erred by failing to waive the mandatory fines imposed upon him at sentencing. Perry contends that the trial court should have suspended all or part of his fines because the affidavit he filed after receiving his sentence established his indigency.
The state argues that our review of this issue is barred by the doctrine of res judicata because Perry failed to appeal the trial court's August 1998 ruling denying his motion to suspend his fines. Thus, we first address whether the doctrine of resjudicata bars us from reviewing the merits of this appeal.
Res judicata bars the litigation of issues, civil or criminal, that are or could have been raised on appeal. SeeU.S. v. Oppenheimer (1916), 242 U.S. 85; State v. Cole (1982),2 Ohio St.3d 112; Friedenthal, Kane, Miller, Civil Procedure (2 Ed. 1993) 613, Section 14.1. The doctrine of res judicata
provides that: (1) a valid, final judgment in an action rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action; or (2) a fact that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus; Trautwein v. Sorgenfrei (1979),58 Ohio St.2d 493, syllabus. A determination of whether the doctrine of res judicata applies presents a question of law which an appellate court must review de novo. Ray v. Stepp
(Aug. 4, 1995), Jackson App. No. 95CA758, unreported.
In August 1998, the trial court filed an entry denying Perry's request to suspend payment of his fines. Perry did not appeal the judgment of the trial court. In its entry, the trial court noted that Perry failed to file an affidavit of indigency. Perry's recourse at that time was to file an appeal with this court within the prescribed period of time from the date of the trial court's order. See App. R. 4. As the trial court ruled upon Perry's motion to suspend the fines, Perry could not subsequently file another motion with the trial court to suspend his fines. The doctrine of res judicata barred his September 1998 motion at the trial court and this ensuing appeal. Therefore, we find that the trial court did not err by denying Perry's motion to suspend his fines. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Apparently, the trial court filed the August entry pursuant to Crim.R. 36.