OPINION
{¶ 1} Defendant-appellant Charles E. Davis appeals from consecutive sentences imposed for Involuntary Manslaughter, with a firearm specification, and Tampering with Evidence. Davis contends that the trial court was precluded from imposing consecutive sentences under the Double Jeopardy clauses of the Ohio and United States constitutions, because concurrent sentences had previously been imposed for those offenses, before a reversal and remand. We conclude that the trial court was not required to make findings of fact when it previously imposed concurrent sentences, and so, because the concurrent sentences were the result of the exercise of discretion, rather than the necessary result of required findings of fact, Double Jeopardy is not implicated.
 {¶ 2} Davis further contends that the trial court, in subsequently imposing consecutive sentences, failed to give reasons for its findings, as required by statute, and also failed to accord him his right to have a jury make the findings of fact required by statute for the imposition of maximum sentences. Upon the authority of State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, we agree with Davis. Pursuant to ¶ 104 of Statev. Foster, the sentence imposed by the trial court is Reversed, and this cause is Remanded for re-sentencing in accordance withState v. Foster.
 I {¶ 3} Davis was indicted in 2001 on two counts of Murder, one count of Involuntary Manslaughter, one count of Tampering with Evidence, one count of Having Weapons Under a Disability, one count of Receiving Stolen Property, and one count of Trafficking in Drugs. The Murder and Involuntary Manslaughter counts all involved the same victim, and all contained firearm specifications. In 2002, a new indictment added an eighth count, for Involuntary Manslaughter, involving the same victim.
 {¶ 4} The trial court sustained Davis's motion for a judgment of acquittal on the Receiving Stolen Property and Trafficking in Drugs counts. The jury acquitted Davis of the two Murder counts, but returned verdicts of guilty as to the remaining counts. There was, however, a defect in the form of the verdict of guilty on the eighth count, for Involuntary Manslaughter. Over objection, about two hours after the jury had been discharged, it was reconvened, and it was given a proper verdict form as to the eighth count. It again returned a verdict of guilty on this count.
 {¶ 5} A judgment of conviction was entered, and Davis was sentenced to a term of incarceration totaling nineteen years. Davis appealed. We reversed his conviction on the eighth count, holding that the trial court erred by re-convening the jury after it had been discharged. We also reversed the consecutive sentences. State v. Davis, 2003-Ohio-4839. Upon the State's application for reconsideration, we remanded the eighth count for re-trial.
 {¶ 6} Upon remand, Davis waived his right to a jury trial, and the parties agreed to submit the eighth count to the trial court solely upon the transcripts and exhibits from the first trial. The trial court found Davis guilty of the eighth count — Involuntary Manslaughter as a first-degree felony. Over Davis's objection, the State was allowed to elect to have Davis sentenced on the eighth count, rather than the third count, which charged Involuntary Manslaughter as a third-degree felony. Davis was sentenced on the eighth count, which had a firearm specification, to ten years, plus three years for the firearm specification, for a total of thirteen years, to be served concurrently with the sentences previously imposed for Tampering with Evidence and Having Weapons Under a Disability. The total sentence was thirteen years, since the other sentences did not exceed the sentence for Involuntary Manslaughter with a firearm specification.
 {¶ 7} Davis again appealed. This time he was successful in obtaining a reversal and discharge as to the eighth count.
 {¶ 8} When the case was remanded to the trial court for re-sentencing, a new judge had succeeded the original trial judge. At a hearing at which no additional evidence was submitted, the new trial judge imposed a sentence of five years on the third-degree Involuntary Manslaughter conviction (the third count of the original indictment), plus a three-year sentence for the firearm specification, for a total of eight years. The trial court imposed a sentence of five years on the Tampering with Evidence conviction, to be served consecutively to the eight-year sentence for Involuntary Manslaughter with the firearm specification. A twelve-month sentence was imposed for Having Weapons Under a Disability, but this sentence was ordered to run concurrently with the other sentences. The total sentence imposed, then, was once again thirteen years. From this sentence, Davis appeals.
 II {¶ 9} Davis's First Assignment of Error is as follows:
 {¶ 10} "THE COURT BELOW WAS COLLATERALLY ESTOPPED FROM IMPOSING CONSECUTIVE SENTENCES ON APPELLANT. ACCORDINGLY, THE SENTENCE WAS CONTRARY TO THE LAW AND IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE AS SET FORTH IN THE OHIO CONSTITUTION, ARTICLE I, SECTION 10 AND THE UNITED STATES CONSTITUTION, AMENDMENT[S] V, VI AND XIV."
 {¶ 11} Davis cites Dowling v. United States (1990),493 U.S. 342, 348, 110 S.Ct. 668, 672, 107 L.Ed.2d 708, 717, for the proposition that: "Once a tribunal has decided an issue in defendant's favor, the Double Jeopardy [clause] also precludes a second trier of fact from ever considering that same or identical issue in a later trial." In Dowling, the court distinguished the earlier case of Ashe v. Swenson (1970), 397 U.S. 436,90 S.Ct. 1189, 25 L.Ed.2d 469, in which it had held that because the Double Jeopardy clause incorporates the doctrine of collateral estoppel, "in the circumstances of that case," his acquittal on a charge of robbing one of six men playing poker in the basement of a home necessarily precluded a finding of guilt, in a later trial, on a charge of robbing one of the other men. The robbery of both men had been carried out by a group of masked men. The prior acquittal necessarily implied a factual finding that the government had failed to prove that the defendant in that case was one of the masked men, thereby collaterally estopping the government from seeking to prove in the later case, the contrary fact that he was one of the masked robbers.
 {¶ 12} In Dowling, supra, the court distinguished Ashe v.Swenson, supra, because the ultimate fact that the government was required to prove beyond reasonable doubt in the case before it was not the same ultimate fact that it had failed to prove beyond reasonable doubt in a prior prosecution. The government was offering a witness to the crime charged in the prior, unsuccessful prosecution — a crime that had been committed two weeks after the crime of which the defendant was convicted. In order to prove that the defendant committed the earlier crime, for which he was now being prosecuted, the government did not need to prove, beyond reasonable doubt, that he committed the later crime. His alleged participation in the later crime was being used to corroborate other evidence identifying him as the perpetrator of the earlier crime for which he was being tried, and also to establish his connection with an alleged co-perpetrator. In short, the court held that a jury might logically find, beyond reasonable doubt, that the defendant committed the crime for which he was presently being tried, even though it might not be prepared to find, beyond reasonable doubt, that he had committed the crime of which he had previously been acquitted, because there was other evidence of the crime for which he was presently being tried, besides the evidence relating to the other crime, which, while probative, might not persuade a reasonable jury, beyond reasonable doubt, that he had committed the other crime.
 {¶ 13} In rejecting the argument that the prior acquittal precluded the admission of evidence of the defendant's commission of that crime, the court succinctly held:
 {¶ 14} "We disagree because, unlike the situation in Ashe v.Swenson, the prior acquittal did not determine an ultimate issue in the present case." Dowling v. United States, supra, at493 U.S. 348, 110 S.Ct. 672.
 {¶ 15} Davis also cites United States v. Oppenheimer
(1960), 242 U.S. 85, for the proposition that collateral estoppel "means simply that when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."
 {¶ 16} Davis argues that when he was sentenced the second time, and the trial court imposed concurrent sentences, rather than consecutive sentences, the trial court necessarily made the findings required by R.C. 2929.14(E)(4) for consecutive sentences in his favor, thereby precluding those findings from being made adversely to him in the subsequent sentencing proceeding. Although we tend to agree with Davis's logical conclusion, we disagree with its premise.
 {¶ 17} R.C. 2929.14(E)(4) provides as follows:
 {¶ 18} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any one of the following:
 {¶ 19} "(a) * * *.
 {¶ 20} "(b) * * *.
 {¶ 21} "(c) * * *." (Emphasis added.)
 {¶ 22} The wording of the statute is clear; a trial court is never required to impose consecutive sentences. It is not permitted to do so unless it makes the requisite findings, but it is never required to impose consecutive sentences. If the trial court imposes concurrent sentences, it is not required to make findings.
 {¶ 23} Although Davis, in his brief, quotes the trial judge during the sentencing hearing that took place on February 19, 2004, in which the trial court decided to impose concurrent sentences, the transcript of that hearing is not included in our record. In the portions of the judge's remarks quoted in Davis's brief, there are no actual findings, although the judge does quote the provisions of R.C. 2929.14(E)(4). But even if the trial court had made findings, they would be gratuitous — the court was not required to make any findings to impose concurrent sentences. The trial court had discretion to impose concurrent sentences. Because no findings were necessary, these were not ultimate facts adjudicated by the trial court. As Dowling v. United States,
supra, was at pains to point out, the only findings of fact giving rise to collateral estoppel under the Double Jeopardy clause are ultimate findings of fact necessary for the judgment. While the trial court may find it useful to make various findings in the exercise of sentencing discretion, these findings of fact are no more necessary to the judgment than was the evidence relating to the other criminal act, in Dowling, of which the defendant had been previously acquitted.
 {¶ 24} We conclude that neither the Double Jeopardy clause nor collateral estoppel is implicated by the trial court's previously having exercised its discretion to impose concurrent sentences in this case. Davis's First Assignment of Error is overruled.
 III {¶ 25} Davis's Second Assignment of Error is as follows:
 {¶ 26} "THE TRIAL COURT ERRED IN RELYING ON STATE V.NELLOMS (2001), 144 OHIO APP. 3D 1, BECAUSE THE `SENTENCING PACKAGE DOCTRINE' IS NOT APPLICABLE TO THIS CASE."
 {¶ 27} From his argument in support of this assignment of error, it is clear that it depends upon Davis's argument, in support of his First Assignment of Error, that the trial court was collaterally estopped from imposing consecutive sentences. Davis challenges the application of the "sentencing package" doctrine that we approved in Nelloms (cited in the above-quoted assignment of error) to avoid collateral estoppel. Because we conclude that collateral estoppel has no application to this case in any event, for the reasons cited in Part II, above, the argument he makes in support of this assignment of error is moot.
 {¶ 28} Davis's Second Assignment of Error is overruled as moot.
 III {¶ 29} Davis's Third and Fourth assignments of error are as follows:
 {¶ 30} "THE SENTENCE IMPOSED ON APPELLANT WAS CONTRARY TO LAW.
 {¶ 31} "IMPOSITION OF MAXIMUM PRISON TERMS VIOLATED APPELLANT'S FEDERAL CONSTITUTIONAL RIGHT TO PROOF BEYOND A REASONABLE DOUBT AND A JURY TRIAL (U.S. CONSTITUTION, V, VI AND XIV) BECAUSE THE FACTORS USED TO SUPPORT THAT SENTENCE WERE NEITHER ADMITTED NOR FOUND TRUE BY A JURY."
 {¶ 32} In support of his Third Assignment of Error, Davis contends that the trial court did not comply with all of the requirements for the imposition of consecutive sentences.
 {¶ 33} Davis's Fourth Assignment of Error is sustained upon the authority of State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856. ¶ 104 of that decision provides that the remedy on direct appellate review of a sentence imposed pursuant to the statutory procedures held in Foster to be unconstitutional is the reversal of the sentence and a remand for re-sentencing in accordance with Foster. This moots Davis's Third Assignment of Error.
 IV {¶ 34} Davis's Fourth Assignment of Error having been sustained, his First Assignment of Error having been overruled, and his Second and Third assignments of error having been overruled as moot, the sentence imposed by the trial court is Reversed, and this cause is Remanded for re-sentencing in accordance with State v. Foster, supra.
Brogan and Donovan, JJ., concur.