## RAPPOLD v. THE STATE OF OHIO.

*Intoxicating liquors—Unlawfully keeping a place—Section 13195, General Code—Evidence—Acquittal on charge of selling— Record of another court admissible, when.*

1. In a prosecution for unlawfully keeping a place where intoxicating liquors are sold, in violation of Section 13195, General Code, the verified record of another court of competent jurisdiction, showing an acquittal of the defendant on a charge of selling liquor in violation of law, is competent evidence tending to show that defendant did not keep a place, as alleged in the affidavit, where the evidence of the selling of which the defendant was acquitted was of the same sale upon which was based the charge of keeping a place, and the exclusion of such evidence is reversible error .

2. In such case the record of the former trial is not admissible although the prosecutions in both suits were based upon the same identical act, unless both suits are between the same parties.

(Decided November 25, 1921.)

ERROR: Court of Appeals for Clermont county.

*Mr. Frank E. Wood,* for plaintiff in error.
*Messrs. Murphy & Joseph,* for defendant in error.

HAMILTON, P. J.   Plaintiff in error was convicted in the mayor's court in the village of Milford, Ohio, of unlawfully keeping a place where intoxicating liquors were sold, in violation of Section 13195, General Code, and was sentenced to pay a fine therefor, from which judgment he prosecutes error to this court.

Two propositions are urged as grounds of error upon which a reversal is sought. First, that the

state did not prove that Rappold was the owner of the place.  Second, the exclusion by the trial court of the introduction of the record of the municipal court of Cincinnati showing an acquittal of the plaintiff in error and his barkeeper of the charge of selling, under the Crabbe Act, plaintiff in error claiming that the evidence of the selling, of which he was acquitted in the municipal court of Cincinnati, was of the same sale upon which was based the charge of keeping a place.

As to the first proposition it is enough to say that there was sufficient evidence, as disclosed by the record, to justify the holding of Rappold as keeper.

The second proposition presents a more difficult question.  The charge for the unlawful keeping is fixed at a time between the first day of June, 1921, and the twentieth day of July, 1921, in the city of Cincinnati, Hamilton county, Ohio.

At the opening of the testimony for the defense, counsel for defendant, plaintiff in error here, made the following proffer:

"MR. WOOD: I offer in evidence, on behalf of the defendant, the record, verified, of the municipal court of the city of Cincinnati, in the case of the *State of Ohio* v. *Frank Rappold,* on the charge of unlawfully possessing two drinks of whiskey on the 10th of June, 1921, and ask that the same be marked 'Defendant's Exhibit 1.'  Also the record of the municipal court of Cincinnati, verified, of the case of *State* v. *George Burke,* for the sale of two drinks of intoxicating liquor on June 10, 1921, and ask that the same be marked 'Defendant's Exhibit 2.' "

To these exhibits, the state objected, and, over the objection of the defendant, Rappold, this evidence was excluded.

It is not claimed that the offer of the record of the acquittal by the municipal court of the city of Cincinnati is a bar to the prosecution for the keeping of the place; nor is it claimed that the judgment in that case is *res adjudicata* as to the offense charged of keeping a place, but it is claimed that the record of the municipal court is a determination of the fact that no sale was made by the defendant, Rappold, on the 10th day of June, 1921. An examination of the authorities leads to the conclusion that the acquittal upon the charge of selling by the judgment of the municipal court of Cincinnati is not a bar to this prosecution for keeping a place. The introduction of the record was competent evidence as tending to show that the defendant was not keeping a place, as alleged in the affidavit.

In the case of *State* v. *Dewey,* 65 Vt., 196, at page 199, in the opinion, the court says:

"In this case the record of a former acquittal of the charge of the same keeping as alleged in the information was offered in evidence as bearing upon one material fact that must be established in each case to obtain a conviction. The evidence was admissible upon the principle that will be found to run through nearly all the American cases, that the judgment of a court of competent jurisdiction directly upon a particular point is, as between the parties, conclusive in relation to such point, though the purpose and subject matter of the two suits be different; hence a judgment may not only be evidence, but conclusive evidence in relation to such point, and still be no bar, strictly and technically speaking, to a second action."

The case of *Coffey* v. *United States,* 116 U. S., 436, was a case in which Coffey had been acquitted

of the charge of illegal acts which would render a certain vessel subject to seizure as forfeit for the violation of a statute. Upon the trial thereof, he was acquitted of the charge of illegal acts, notwithstanding which the government instituted a proceeding *in rem* to ascertain whether a judgment of forfeiture could be obtained notwithstanding the acquittal. The court in the opinion, at page 444, says:

"The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statute the foundation of any punishment, personal or pecuniary, did not exist. This was ascertained once for all, between the United States and the claimant, in the criminal proceeding, so that the facts cannot be again litigated between them, as the basis of any statutory punishment denounced as a consequence of the existence of the facts. This is a necessary result of the rules laid down in the unanimous opinion of the judges in the case of *Rex* v. *Duchess of Kingston*, 20 Howell's State Trials, 355, 538, and which were formulated thus: 'The judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or, as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court; and the judgment of a court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter, between the same parties, coming incidentally in question in another court for a different purpose.''

And on this point the circuit court, rendering a judgment of forfeiture, was reversed, and judgment for claimant ordered, for the reason, as stated

above, that the judgment of acquittal was conclusive evidence that facts which would work a forfeiture did not exist.

Several cases are cited by counsel for the state in support of their claim that this record was inadmissible, among them the case of *State* v. *Roach et al.,* 83 Kans., 606. In that case Roach was charged with the commission of a misdemeanor by keeping a place where intoxicating liquors were unlawfully sold. At the same time an action was brought against Roach and others to enjoin the maintenance of such place as a common nuisance. They were acquitted on the criminal charge by the verdict of a jury. The injunction charge was afterward submitted to the trial court upon the same evidence, and a judgment was rendered for the defendants expressly upon the ground that the acquittal constituted an adjudication of the controversy involved in the civil case. In the two actions, the parties were the same, and the acts complained of were the same and were made illegal by the same statute. Upon review, the court, in the opinion, says that a final judgment in one was necessarily conclusive in the other, unless this result was prevented by the fact that one action was criminal and the other civil, and it proceeded to hold that the difference in the degree of proof required in a criminal case and a civil case prevented the application of the doctrine of *res adjudicata,* and reversed the case. This case is, therefore, not in point.

Counsel for the state further cite *Martin* v. *Blattner,* 68 Ia., 286, where, as in the *Roach case,* there was a question of a criminal action and a civil action by way of injunction.

Our conclusion, therefore, is that the evidence on

behalf of the defendant, of the verified record of the municipal court of the city of Cincinnati, in the case of *State of Ohio* v. *Rappold,* on the charge of unlawfully possessing two drinks of whisky on the 10th day of June, 1921, was admissible as tending to show that Rappold did not keep a place, as alleged in the affidavit, and it was error for the court to exclude this evidence.

We desire to make our position plain, and again state that the prosecution in the municipal court of Cincinnati for unlawfully possessing two drinks of whiskey cannot be used as a bar to the prosecution in the mayor's court of Milford for unlawfully keeping a place, but the record is admissible as tending to show that he did not so keep a place.

As above stated, the defendant proffered the record of the municipal court of Cincinnati, verified, in the case of *State* v. *George Burke,* prosecuted for the sale of two drinks of intoxicating liquor on June 10, 1921, to which exhibit the state objected, and, over the objection of plaintiff in error, Rappold, this record was excluded. The claim of counsel for plaintiff in error is that this record was admissible, it being a judicial determination that no such sales were made. This position is not tenable, as it will be noted in all the cases cited that to be admissible as determinative of the fact upon a particular point the fact must not only be identical, *but the actions must be between the same parties.* In this instance the cases are not between the same parties, one being the case of *State* v. *Burke,* and the other the case under consideration, *State* v. *Rappold.* Therefore, the record of the municipal court of Cincinnati with reference to the case of *State* v. *Burke* was properly excluded in the case at bar.

While it is true that there is evidence in the record of sales by Burke, Rappold's bartender, between the dates named in the affidavit, and evidence of the character of the room, the arrangement as a saloon, including bar, fixtures, mirrors, etc., which might be sufficient, if believed, to sustain a conviction, the rule, that in criminal cases error appearing in the record is presumed to be prejudicial, requires a reversal of the case. *Bennett* v. *State,* 10 C. C., 84.

For error in excluding the record in the municipal court of Cincinnati of acquittal of plaintiff in error of the charge of selling, as evidence of that fact, the judgment of conviction by the mayor's court of Milford, and the judgment of the court of common pleas, affirming the same, are reversed and held for naught, and the case will be remanded to the mayor's court of Milford for a new trial.

*Judgment reversed.*

CUSHING and BUCHWALTER, JJ., concur.