City of Columbus, Appellee, *v.* Stires, Appellant.
State of Ohio, Appellee, *v.* Cole, Appellant.
[Cite as Columbus v. Stires, 9 Ohio App. 2d 315.]

(Nos. 8567 and 8568—Decided March 14, 1967.)

*Mr. John C. Young,* city attorney, *Mr. Gordon L. Sroufe* and *Mr. Thomas S. Erlenbach,* for appellees.
*Mr. Walter W. Grelle,* for appellants.

Herbert, J. These are companion appeals on questions of law from a judgment in the Court of Common Pleas which dismissed defendants' appeals from certain actions taken by the Municipal Court of Columbus.

It appears from the records below that on December 23, 1965, defendant Stires was arrested on a charge of intoxication and defendant Cole was arrested by an agent of the Ohio Department of Liquor Control on a charge of selling an alcoholic beverage to an intoxicated person.

On December 24, 1965, not guilty pleas were entered and the cases were set for trial on January 25, 1966. On January 20,

1966, defendants filed a jury demand, new subpoenas were issued and the cases were set for trial on March 28, 1966.

On March 28, 1966, a jury panel had been assembled in the hall outside the courtroom, and the defendants appeared and stated they were ready for trial. Prior to any further proceedings, however, the prosecution requested a continuance upon the grounds that its "main" witness, the arresting agent of the Department of Liquor Control, although having been duly subpoenaed before his departure, had left the state and was unavailable as a witness. The prosecutor advised the trial court that this witness would return and be available for trial "after the 31st," presumably meaning the 31st day of March, 1966, although the record is silent on this point and defense counsel did not question it.

A discussion ensued, both on and off the record, and the court eventually overruled the prosecutor's motion to continue the cause. Immediately thereafter, the prosecution moved to *nolle prosequi* both cases. Counsel for the defendants objected and moved for a dismissal, but after further discussion the court authorized the entry of a *nolle prosequi*.

Notices of appeal were filed in the Court of Common Pleas, wherein it was announced that appeals were being filed from the "judgment" rendered in the Municipal Court.

By entry of October 17, 1966, the Court of Common Pleas found "in the record no error prejudicial to defendant-appellant" and decreed that the "appeals be dismissed." Appeals from this judgment of the Court of Common Pleas now cause this matter to be before us for discussion.

We will first proceed to the second assignment of error, which complains "that the court erred in confirming the action of the prosecutor to *nolle prosequi* the affidavits."

In its decision filed August 22, 1966, the Court of Common Pleas found that the action of the trial judge in authorizing the assistant prosecutor to *nolle prosequi* these cases was not a judgment or final order within the meaning of Sections 2953.04 and 2953.05 of the Revised Code. Section 2953.05 reads in part, as follows:

"Appeal under Section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after *judgment and sentence or* from an order overruling motion for a new

trial or an order placing the defendant on probation and suspending the imposition of sentence in felony cases, whichever is the latter. * * *'' (Emphasis added.)

While there has been a multitude of Ohio cases holding various rulings by a trial court in a criminal proceeding not to be judgments or final orders, we find none which has considered the question now before us. However, the United States Supreme Court has declared that "Final judgment in a criminal case means sentence. The sentence is the judgment." See *Berman* v. *United States,* 302 U. S. 211, 212. By its choice of words in Sections 2953.04 and 2953.05, Revised Code, *supra,* the Ohio General Assembly seems to have intended that this same rule should apply in our state except in certain specific instances which have no application in the case at bar. See, also, *State* v. *Chamberlain,* 177 Ohio St. 104, which discusses Sections 2953.02 and 2505.02, Revised Code, and *State* v. *Lenhart,* 116 Ohio App. 55.

The law is apparently settled that the entry of a *nolle prosequi* before the defendant has been placed in jeopardy relegates the parties to the position in which they stood prior to the filing of the affidavit, indictment or information. The defendant is not, therefore, denied a judgment in his favor, cannot be tried or sentenced on such filings after term, and, in effect, assumes his original status of one against whom formal charges have never been lodged. See *In re Golib,* 99 Ohio App. 88, and authorities cited.

In passing upon the second assignment of error we, therefore, hold that the action of the trial court in authorizing the assistant prosecutor to *nolle prosequi* these cases was not a judgment or final order and, hence, was not appealable in the absence of an abuse of discretion.

The first assignment of error charges "that the court erred in refusing to permit this matter to go to trial." Under this assignment, defense counsel argues that his clients were denied their constitutional right to a "speedy trial." Since it appears in the record that the prosecution had duly subpoenaed its main witness, *that his absence was not made known to the prosecutor until the morning of the trial date* and that no previous continuance had been sought by the prosecution, we cannot say that the "ministers of justice" indulged themselves in "vexa-

tious, capricious, and oppressive'' delaying tactics which infringed upon the constitutional right of these defendants to a reasonably expeditious handling of their cases. 15 Ohio Jurisprudence 2d 329, Section 97. A trial court has wide discretion in such matters and its exercise should not be disturbed unless clearly abused. 15 Ohio Jurisprudence 2d 330, Section 97. The first assignment of error is not well taken.

Defendants' third assignment of error claims ''that the trial court erred in overruling the motion of defendant-appellant to dismiss the charges.''

Since the record is clear that the prosecution's motion to *nolle prosequi* was made prior to defendants' motion to dismiss and further that the trial court's authorization of the *nolle* was granted prior to its consideration of defendants' dismissal request, the question presented by this assignment of error is moot. Once the *nolle prosequi* was authorized, nothing remained to be dismissed. However, we would also observe that the refusal to grant a motion to dismiss in a criminal action is not a final order from which an appeal may be taken. *State* v. *Holbrook,* 105 Ohio App. 414. The third assignment of error is not well taken.

Defendants' fourth assignment of error, ''that the Common Pleas Court erred in sustaining the decision of the Municipal Court,'' is likewise not well taken.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

DUFFEY, P. J., and DUFFY, J., concur.