## The State of Ohio *v.* Climer.

(No. 21190—Decided September 18, 1974.)

Franklin County Municipal Court.

*Mr. Daniel W. Johnson,* city prosecutor, for plaintiff.
*Mr. John W. Kenesey, Messrs. Clayman & Jaffy,* for defendant.

Fais, J. The affidavit herein was filed on August 15, 1974, charging defendant with felonious assault allegedly occurring April 26, 1974. The affidavit cited defendant for a violation of the provisions of R. C. 2903.11(A)(1), a felony of the second degree. On September 3, 1974, defendant filed a motion to dismiss.

The defendant's motion raises the question of former jeopardy and the record in this regard indicates that on May 16, 1974, the within defendant was similarly charged with felonious assault in violation of R. C. 2903.11(A)(1). This former charge was carried on the docket of this court as case No. 12573. Both affidavits charged the defendant with the same crime and were both filed by the same person. The complaint in said case No. 12573 was dismissed on July 10, 1974, by a branch of this court, the entry reading: "Dismissed—req. Prose. Rathbun (no P/W) Rule 48 A."

This court interprets this entry to state that the orig-

inal affidavit was dismissed by the city prosecutor for want of a prosecuting witness at the time this case was set for preliminary hearing, and the dismissal was effected under Crim. R. 48(A) which reads:

"(A) Dismissal by the state. The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."

Defendant claims that the pending affidavit should be dismissed because the charge is barred by the doctrine of "*res judicata* and double jeopardy." Defendant cites the cases of *Duvall* v. *State* (1924), 111 Ohio St. 657, and *Rappold* v. *State* (1921), 16 Ohio App. 229.

In addition, defendant argues that Crim. R. 48 mandates that once an action is dismissed by the state, the prosecution shall thereupon terminate and all further proceedings are completely and forever barred.

Defendant also cites *United States* v. *Oppenheimer* (1916), 242 U. S. 85. The defendant's counsel also orally argued the *Oppenheimer* case at a hearing before this court. This court has no quarrel with the ruling of *Oppenheimer*, but *Oppenheimer* cannot in any way be related to the facts and situation in the case at bar. Furthermore, the *Oppenheimer* case cannot be said to control a ruling of this court in attempting to interpret Crim. R. 48(A).

The rule of former jeopardy is well recognized as a principle of criminal law, and it appears from the authorities that the application of the rule is factually oriented. That is to say, the facts of each case must be examined carefully to determine how far the prosecution has proceeded and whether or not the accused is deemed to have been placed in jeopardy.

The facts appear to be undisputed. On July 10, 1974, defendant and counsel appeared in this court for a preliminary hearing on the felonious assault charge. When the prosecutor learned there was no prosecuting witness in court, he requested a dismissal of the pending charge. This was accepted by the court and the entry to dismiss was noted on the record of proceedings. No testimony was

taken and no proceedings were had. Counsel and defendant merely presented themselves to the court, and the entry was noted promptly in the appropriate line, thereby disposing of the then pending charge.

Relating such facts to Crim. R. 48(A), was this appearance sufficient to place defendant in jeopardy requiring a dismissal of the pending charge? This court thinks not. No jeopardy attached for such a brief appearance in court.

Furthermore, this court concludes that Crim. R. 48(A) does not provide for an absolute and final disposition of a charge where an entry of dismissal, as noted herein, is made under such circumstances. This court is of the opinion that no jeopardy attached as a result of the July 10, 1974, proceedings.

Had Crim. R. 48(A) been written as maintained by defendant the rule would have read:

"(A) Dismissal by the state. The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate *and such act is equivalent to an acquittal and is a bar to a second prosecution for the same crime.*" (Words and emphasis added.)

No such words were added to the rule, and it is obvious that there was no intent to provide for an acquittal under the circumstances herein considered.

This court has also given attention to the case of *Columbus* v. *Stires*, 9 Ohio App. 2d 315, 317, where it is stated.

"The law is apparently settled that the entry of a *nolle prosequi* before the defendant has been placed in jeopardy relegates the parties to the position in which they stood prior to the filing of the affidavit, indictment or information."

Since the Ohio Criminal Rules do not provide for *nolle prosequi* this court considers the dismissal action taken on July 10, 1974, to be tantamount to a *nolle prosequi* and the statement in *Stires* would be controlling in the instant case.

Accordingly, this court finds: (1) That defendant has

6

never been placed in jeopardy; (2) that the entry of July 10, 1974, noted herein, placed the parties in the same position as they were prior to the filing of the affidavit. The motion of defendant to dismiss the charge in the pending affidavit is overruled. Ths matter should be set for preliminary hearing without further delay.

*Motion to dismiss overruled.*