[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION
 ON MOTION TO CERTIFY
Appellant, Antoine D. Wilson, has filed a motion, pursuant to App.R. 25, requesting this court to certify a conflict, pursuant to Section 3(B) (4), Article IV of the Ohio Constitution. The question proposed for certification is:
 Whether a trial court abuses its discretion and commits plain error when it excludes evidence of defendant's previous acquittal in a subsequent trial involving the same parties.
Section 3(B) (4), Article IV of the Ohio Constitution provides as follows:
 (4) Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.
In Whitelock v. Gilbane Bldg. Co. (1993), 66 Ohio St.3d 594, paragraph one of the syllabus, the Ohio Supreme Court held:
 Pursuant to Section 3(B) (4), Article IV of the Ohio Constitution and S.Ct.Prac.R. III, there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper.
The court further stated, at 596, that the conflict must be on an issue of law and not of fact.
Appellant contends this court's decision is in conflict with Rappold v. State (1921), 16 Ohio App. 229. In Rappold, the defendant was acquitted of a charge of possessing an illegal substance, that is, an alcoholic beverage. The defendant was subsequently charged with keeping a place where intoxicating liquors were sold and attempted to introduce into evidence his prior acquittal. In reversing the trial court's decision to exclude evidence of the acquittal, the court in Rappold, stated, at 231:
 * * * [I]t is claimed that the record of the municipal court is a determination of the fact that no sale was made by the defendant Rappold, on the 10th day of June, 1921. * * * The introduction of the record was competent evidence as tending to show that the defendant was not keeping a place, as alleged in the affidavit.
In this court's earlier decision in State v. Wilson
(June 15, 1999), Franklin App. No. 98AP-965, unreported (1999 Opinions 1566), we found that the denial of a motion in limine, which allowed the state to introduce facts relating to a robbery or attempted robbery to explain the circumstances leading to the felonious assault with which appellant was charged, while at the same time prohibiting appellant from introducing into evidence his acquittal on the robbery charges, did not properly preserve the issue for review. Thus, this court was required to review the issue pursuant to a plain error standard.
Following the United States Supreme Court decision inUnited States v. Watts (1997), 117 S.Ct. 633, this court found that a judgment of acquittal was not admissible because the evidence was hearsay and was not a finding of fact but, merely, an acknowledgment that the government failed to prove an essential element of an offense beyond a reasonable doubt. We find this court's decision in Wilson is not in conflict with Rappold. In the first instance, an objection had been made during trial inRappold, whereas in Wilson no objection had been made and this court was required to apply a plain error standard, which is a different standard of review. Further, this court found the evidence of acquittal would be hearsay and the court in Rappold
did not discuss admission or exclusion of the acquittal evidence on the basis of hearsay.
Therefore, appellant's motion to certify a conflict is overruled.
Motion to certify conflict denied.
BROWN and BRYANT, JJ., concur.