[Cite as *State v. Grillo*, 2015-Ohio-308.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO | : | JUDGES: | |
| | : | Hon. William B. Hoffman, P.J. | |
| | : | Hon. W. Scott Gwin, J. | |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. | |
| | : | | |
| -vs- | : | | |
| | : | Case No. 14CA51 | |
| TIMOTHY D. GRILLO | : | | |
| | : | | |
| Defendant-Appellee | : | O P I N I O N | |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County Court of Common Pleas, Case No. 1987 CR0262

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      January 26, 2015

APPEARANCES:

For Plaintiff-Appellant

JILL COCHRAN
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellee

JAMES MAYER III
34 South Park Street
Mansfield, OH 44902

*Gwin, J.,*

{¶1} Appellant the State of Ohio appeals the May 16, 2014 judgment of the Court of Common Pleas, Richland County, Ohio granting appellee Timothy D. Grillo's ["Grillo"] motion to Seal/Expunge his record.

*Facts and Procedural History*

{¶2} On September 14, 1987, Grillo entered a plea of No Contest to one count of Theft of an Automobile, a felony of the third degree. On December 7, 1987, he was sentenced to three years of probation with a one year suspended prison sentence. Grillo successfully completed his probation.

{¶3} On July 21, 2009, Grillo filed an application to have the record of this conviction sealed. The state filed a response on July 27, 2009, objecting to the sealing of Grillo's record because he was not a first time offender under the statute as he had subsequent convictions for a charge of Reckless Operation, a reduction from the charge of OVI, in Mansfield Municipal case number 92-TRC-4163, and for Driving Under Suspension in Ontario Mayor's Court case number 91-TRD-91301.

{¶4} The trial court held a hearing on September 21, 2009 and found Grillo had at least three disqualifying offenses: a 1986 theft conviction, a 1991 criminal trespass conviction, and a 1992 reckless operation conviction. During the 2009 hearing, Grillo acknowledged these prior convictions but argued that in exceptional circumstances the trial court could grant a sealing to a non-first time offender. Ultimately, though, Grillo voluntarily withdrew his motion in order to re-file at a later date with the exceptional circumstances argument.

{¶5} On April 30, 2010, Grillo filed another application to seal the record of his felony conviction, arguing that in exceptional circumstances the trial court could grant the sealing of a record even if the applicant was not a first-time offender as outlined in the statute. The state objected to this application, again arguing that Grillo was not an eligible offender due to his previous misdemeanor convictions. The trial court held a hearing on this application on June 14, 2010. After the presentation of evidence, the court held that it had no discretion to seal the record under the statute and denied the application to seal due to Grillo not being a first time offender.

{¶6} In 2012, the Ohio Legislature amended the language of R.C. 2953.32 to expand the term "first time offender" to "eligible offender." To qualify as a "first time offender" under the prior version of R.C. 2953.32, an individual could not have more than one conviction of any kind on his or her record. Relevant to the case at bar, the Ohio Legislature broadened the definition of an "eligible offender," allowing persons with one felony and one misdemeanor to be eligible for a sealing of the record. This statute went into effect on September 28, 2012.

{¶7} On December 5, 2013, Grillo filed a motion in Mansfield Municipal Court Case No. 91-CRB-3133 to withdraw his 1991 uncounseled no-contest plea to criminal trespassing, on the basis that it had been made without the assistance of counsel. This motion as well as a proposed judgment entry was filed with the court and served upon the Mansfield Law Director. The Assistant Mansfield Law Director approved the judgment entry, and the court granted the motion to withdraw Grillo's uncounseled plea. The Law Director subsequently nolled the charge on January 16, 2014.

{¶8}   On February 18, 2014, Grillo filed a third application to seal the record of his felony charge based on the change in the law that broadened the eligibility requirements for sealing a record, and his nolled misdemeanor charge. The state filed an objection to this application arguing that Grillo was not an "eligible offender" due to his prior convictions of theft, reckless operation, and drag racing. The state objected to Grillo's conduct in re-opening a 23-year-old municipal court conviction and getting it nolled in an attempt to qualify as an "eligible offender" under the new statute. The state also argued that the criminal trespassing charge, which had been nolled in Mansfield Municipal Court, should be counted against Grillo. Finally, the state argued in a supplemental motion that the state's need to preserve the record of the conviction outweighed the benefit to Grillo. The state further argued that Grillo was barred by res judicata from having his application considered since he had previously filed an application, had a hearing and had been denied. No appeal had ever been made of that denial.

{¶9}   On March 31, 2014, the trial court held a hearing on Grillo's application to seal the record of his conviction. During this hearing, the state argued that Grillo was not eligible due to a 1986 drag racing conviction. Grillo argued that the charge was reduced to speeding during plea negotiations and his conviction was for speeding, not drag racing. The state was unable to produce any official judgment entry or proof of conviction to rebut Grillo's contentions. Instead, the state relied on a printout of a docketing sheet that only showed that there was a change of plea in the case.

{¶10}  The trial court determined that the nolled criminal trespassing charge should not be considered for the purposes of determining eligibility. However, the trial

court placed the burden of proving that the drag racing charge was reduced to a lesser charge on Grillo. The court informed both Grillo and the state that if Grillo was able to provide proof to the court that the drag racing conviction had been reduced, the court would grant the application to seal. If Grillo could not meet this burden, the court would consider Grillo ineligible, and Grillo's application would be denied.

{¶11} Grillo contends that he was able to produce a certified copy of the court's docket sheet showing that the drag racing charge against him had been amended to speeding, and a fine of $75 and court costs had been imposed.

{¶12} On May 16, 2014, the trial court filed a judgment entry granting Grillo's application to seal his record.

*Assignments of Error*

{¶13} The state raises three assignments of error,

{¶14} "I. THE TRIAL COURT SHOULD NOT HAVE CONSIDERED THE APPELLEE'S APPLICATION TO SEAL AS THE APPELLEE WAS BARRED BY RES JUDICATA FROM REAPPLYING.

{¶15} "II. THE TRIAL COURT'S DECISION GRANTING ENSEALMENT OF THE APPELLEE'S CRIMINAL RECORD WAS CONTRARY TO LAW AS THE APPELLEE WAS NOT ELIGIBLE FOR ENSEALMENT UNDER R.C. § 2953.32 AND R.C. § 2953.36.

{¶16} "III. THE TRIAL COURT ERRED IN FAILING TO HOLD A FULL AND PROPER ENSEALMENT HEARING ON THIS MATTER AS REQUIRED UNDER R.C. § 2953.32."

I.

{¶17} In the first assignment of error, the state argues that Grillo's application for expungement was barred by res judicata. The state argues the September 28, 2012 amendment, which re-defined the individuals who are eligible for expungement, is not a sufficient change in circumstance to prevent res judicata from barring the Grillo's application. We disagree.

{¶18} The expungement statute in effect at the time the application is filed is the statute that controls the court's ruling. *State v. LaSalle*, 96 Ohio St.3d 178, 772 N.E.2d 1172, 2002-Ohio-4009, paragraph 2 of the syllabus; *State v. Moorehart,* 5th Dist. Fairfield No. 2008-CA-0072, 2009-Ohio-2844, ¶14; *State v. George*, 5th Dist. Ashland No. 01-CA-100-2, 2002-Ohio-4205, ¶9.

{¶19} Res judicata applies to successive motions for sealing when there has been no change of circumstances since the filing of the offender's prior motion. *See State v. Haney,* 10th Dist. Franklin No. 99AP–159, 1999 WL 1054840 (Nov. 23, 1999). Were it otherwise, there would be no disincentive to offenders who might file repeated motions for sealing in the hopes of obtaining a different outcome, based on the same set of circumstances. *State v. Singo,* 9th Dist. Summit No. 27094, 2014-Ohio-5335, ¶12.

{¶20} In the case at bar, at the time Grillo filed his previous motions for expungement he did not meet the statutory definition of a "first time offender." However, on December 5, 2013, the time Grillo filed the motion under consideration in this appeal, the Ohio Legislature broadened the definition of an "eligible offender," allowing persons with one felony and one misdemeanor to be eligible for a sealing of the record. Thus, if the expungement statute in effect at the time the application is filed is the statute that

controls the court's ruling, and that statute broadens the class of persons eligible for expungement from the previous version, we find this constitutes a change in circumstances between the prior requests for expungement and the instant application so as to allow a court to consider a subsequent petition and res judicata would not bar its review. See *Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals*, 31 Ohio St.3d 260, 510 N.E.2d 373(1987).

> Res judicata is a rule of fundamental and substantial justice, see *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233, *citing Federated Dept. Stores, Inc. v. Moitie* (1981), 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103, that " 'is to be applied in particular situations as fairness and justice require, and that * * * is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.' " *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 386–387, 653 N.E.2d 226 (Douglas, J., dissenting), *quoting* 46 American Jurisprudence 2d (1994) 786–787, Judgments, Section 522, *and citing Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 202, 2 OBR 732, 443 N.E.2d 978.

*State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶25, *superseded by statute on other grounds as stated in State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. We would achieve neither fairness nor justice by preventing a successive application for expungement to be made when the statute is amended to broaden the class of persons eligible for expungement from the previous version.

**{¶21}** The state's first assignment of error is overruled.

II.

**{¶22}** In the second assignment of error, the state contends that Grillo was not eligible for expungement because he had more than one misdemeanor conviction and one felony conviction. Specifically, the state argued that Grillo was ineligible due to convictions for misdemeanor petty theft, driving under suspension, reckless operation, and drag racing. Further, the state contends that the criminal trespass case in which Grillo subsequently withdrew his previous uncounseled no contest plea and the state nolled should count as a conviction for purposes of determining eligibility.

**{¶23}** "[E]xpungement is an act of grace created by the state," and so is a privilege, not a right. *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669, 672(1996). Expungement should be granted only when all requirements for eligibility are met. Id. at 640, 665 N.E.2d at 672. An expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information. Id.

**{¶24}** Two different statutes relate to sealing of court documents—R.C. 2953.32, for sealing of records after conviction, and R.C. 2953.52, for sealing after disposition other than conviction.

*A. Sealing of records for a non-conviction or dismissal.*

**{¶25}** The effect of a dismissal or a nolle has been explained,

The entry of a nolle prosequi restores an accused to the status of a person against whom charges have never been filed, *Columbus v. Stires* (1967), 9 Ohio App. 2d 315, 317. *Sander v. State* of Ohio (S.D. Ohio, 1973), 365 F. Supp. 1251, 1253, holds that no jeopardy attaches where a

nolle prosequi is entered before a jury is sworn. Further, the acceptance of a guilty plea on some counts and the nolle of others, is not functionally equivalent to a verdict of not guilty on the dismissed charges, *Hawk v. Berkemer* (6th Cir. 1979), 610 F. 2d 445, 447.

*State v Frost*, 8th Dist. No. 45561, 1983 WL 5507(June 23, 1983). Accord, *State v. Cole*, 9 Ohio App.3d 315, 317, 224 N.E.2d 369(12th Dist. 1967); *State v. Eubank*, 6th Dist. Lucas No. L-11-1211, 2012-Ohio-3512, ¶7. As jeopardy has not attached and the accused can be re-prosecuted for the same offense, a dismissal or nolle is not the functional equivalent of an acquittal.

{¶26} R.C. 2953.52 governs applications to seal records where either the underlying charges have been dismissed or the individual was found not guilty. *State ex rel. Cincinnati Enquirer v. Lyons,* 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.2d 989, ¶24. The statute provides,

> (A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

> (2) Any person, against whom a no bill is entered by a grand jury, may apply to the court for an order to seal his official records in the case.

Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the expiration of two years after the date on which the foreperson or deputy foreperson of the grand jury reports to the court that the grand jury has reported a no bill.

(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

(3) If the court determines after complying with division (B)(2)(a) of this section that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed with prejudice, or that the complaint, indictment, or information in the case was dismissed without prejudice and that the relevant statute of limitations has expired, the court shall issue an order to the superintendent of the bureau of criminal identification and investigation directing that the superintendent seal or cause to be sealed the official records in the case consisting of DNA specimens that are in the possession of the bureau and all DNA records and DNA profiles. The determinations and considerations described in divisions (B)(2)(b), (c), and (d) of this section do not apply with respect to a determination of the court described in this division.

(4) The determinations described in this division are separate from the determination described in division (B)(3) of this section. If the court determines, after complying with division (B)(2) of this section, that the

person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreperson or deputy foreperson of the grand jury; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, or if division (E)(2)(b) of section 4301.69 of the Revised Code applies, in addition to the order required under division (B)(3) of this section, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred.

{¶27} Accordingly, in the case at bar because the state had filed an objection, the trial court was required to hold a hearing. In order for the trial court to determine if the criminal trespass charge qualifies as a prior conviction which would prevent expungement of a subsequent conviction, the trial court must determine whether the criminal trespass charge was dismissed without prejudice, and/ or whether the relevant statute of limitations has expired. R.C. 2953.52(B)(2)(a)(ii).

{¶28} In the case at bar, we find the trial court failed to make the findings as mandated by R.C. 2953.52 with respect to Grillo's criminal trespass conviction and subsequent nolle by the state. The trial court had an obligation to determine the effect of

the alleged prior conviction as required by R.C. 2953.32(B). *State v. Rodgers,* 5th Dist. Muskingum No. CT2012-0042, 2013-Ohio-1865, ¶15.

*B. Drag Racing.*

**{¶29}** As for the drag racing charge, the state provided the trial court with a docket sheet from Mansfield Municipal Court, which showed that Grillo had been charged with first-degree misdemeanor drag racing in 1986.

**{¶30}** Grillo asserts he was able to locate the original municipal court docket sheet that shows that the charge was reduced from drag racing to speeding. Grillo was sentenced to a $75 fine plus court costs. Grillo asserted in his brief that a certified copy of this document was provided to both the trial court and the assistant prosecutor. However, we find no evidence in the record that the trial court or the state was ever served with a certified copy, or any copy, of the reduction of the drag racing charge.

**{¶31}** We find that the trial court failed to make any finding on the record relative to this issue. Neither the transcript nor the judgment entry mention whether the trial court received and reviewed the docket sheet. The trial court had an obligation to determine the effect of the alleged prior conviction as required by R.C. 2953.32(B).

**{¶32}** Accordingly, we find no evidence in the record that the trial court ever ruled upon this particular conviction when determining whether Grillo was an eligible offender.

*C. Driving under suspension.*

**{¶33}** The state contends that Grillo had a conviction under R.C. 4510.11, driving under suspension, which is a disqualifying offense. However, we find no evidence of such a conviction *under R.C. 4510.11*, other than a mere assertion by the state in its

response memorandum, was every entered into the record in the trial court.[1] We further find that the state did not include this conviction in either its March 24, 2014 response to Grillo's application or its March 28, 2014 supplemental memorandum in opposition to defendant's motion for sealing of records.

{¶34} The trial court failed to make any finding on the record relative to this issue. The trial court had an obligation to determine the effect of the alleged prior conviction as required by R.C. 2953.32(B).

{¶35} Accordingly, we find no evidence in the record that the trial court ever ruled upon this particular conviction when determining whether Grillo was an eligible offender.

{¶36} The state's second assignment of error is sustained.

III.

{¶37} In the third assignment of error, the state contends that pursuant to R.C. 2953.32(B), the trial court was required to hold a hearing on Grillo's application to seal the records and the trial court did not conduct a full hearing as mandated by statute.

{¶38} R.C. 2953.32 governs the sealing of records of an eligible offender and provides:

(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons

---

[1] Under the present version of R.C. 2953.02, a conviction for driving under suspension under Chapter 4507., 4510., 4511., 4513., or 4549. Of the Revised Code is not a "conviction" disqualifying an otherwise eligible offender from sealing his or her records. *See,* R.C. 2953.31(A).

for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant. If the applicant was convicted of or pleaded guilty to a violation of division (A)(2) or (B) of section 2919.21 of the Revised Code, the probation officer or county department of probation that the court directed to make inquiries concerning the applicant shall contact the child support enforcement agency enforcing the applicant's obligations under the child support order to inquire about the offender's compliance with the child support order.

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as an eligible offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted

as one conviction, the court shall determine that the applicant is not an eligible offender; if the court does not make that determination, the court shall determine that the offender is an eligible offender.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender or the subject of a bail forfeiture, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in divisions (G), (H), or (I) of this

section, shall order all official records of the case that pertain to the conviction or bail forfeiture sealed and, except as provided in division (F) of this section, all index references to the case that pertain to the conviction or bail forfeiture deleted and, in the case of bail forfeitures, shall dismiss the charges in the case. The proceedings in the case that pertain to the conviction or bail forfeiture shall be considered not to have occurred and the conviction or bail forfeiture of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code.

**{¶39}** A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. R.C. 2953.32(B); *State v. Stotler,* 5th Dist. No. 09-CA-17, 2010-Ohio-2274, ¶10; 18; *State v. Wright*, 191 Ohio App.3d 647, 2010-Ohio-6259, 947 N.E.2d 246(3rd Dist. 2010), ¶9.

**{¶40}** As noted in our disposition of the state's second assignment of error, the trial court did not conduct the hearing or make the required findings mandated by statute.

Under R.C. 2953.32(B), the prosecutor is permitted to file an objection to the application with the court. If an objection is filed, and specifies reasons allegedly justifying denial of the application*, the court is required to consider the prosecutor's objections* regardless of whether the prosecutor appears at the hearing. R.C. 2953.32(C)(1)(d). The purpose of

requiring specificity in the written objection filed pursuant to R.C. 2953.32(B), therefore, is to provide the court with the state's rationale for opposing the application and not to limit the introduction of relevant information, which the prosecutor possesses or may come to possess, that is not contained in a written objection.

*State v. Hamilton,* 75 Ohio St.3d 636, 640- 641, 1996-Ohio-440, 665 N.E.2d 669; *State ex rel. Cincinnati Enquirer v. Lyons,* 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.2d 989,¶36("And even when there is no conviction, it is mandatory for the court to set a hearing date.") .

**{¶41}** In the case at bar, a review of the transcript of the oral hearing on motion to seal records held March 31, 2014 indicates that the trial court and the parties only addressed the issue of whether Grillo was "an eligible offender." T. at 12. The trial court nowhere found the interests of Grillo in having the records pertaining to his conviction sealed either are or are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of Grillo, if he is an eligible offender has been attained to the satisfaction of the court.

**{¶42}** The state's third assignment of error is sustained.

**{¶43}** Because defendant's legal status as a first offender was not properly evaluated by the trial court, the case must be reversed and remanded for determination of the trial court's jurisdiction to grant the application to seal.

{¶44} For the forgoing reasons, the judgment of the Court of Common Pleas is reversed. We remand this case to that court to conduct a hearing and make the findings as required by R.C. 2953.32(C) and R.C. 2953.52(B).

By Gwin, J., and

Wise, J., concur

Hoffman, P.J., concurs in part

dissents in part

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JOHN W. WISE

WSG:clw 1215

*Hoffman, P.J., concurring in part and dissenting in part*

**{¶45}** I concur in the majority's analysis and disposition of Appellant's first assignment of error. However, I respectfully dissent from the majority's analysis and disposition of Appellant's second and third assignments of error.

**{¶46}** In its discussion of Appellant's second assignment of error, the majority clearly sets forth the procedure required under R.C. 2953.52 for sealing of records after disposition other than conviction. The majority then concludes the trial court failed to make the requisite findings specified in R.C. 2953.52 with respect to Appellee's criminal trespass conviction and subsequent nolle by the state.

**{¶47}** While I agree the trial court failed to make those findings regarding the criminal trespass conviction, I find it had no obligation to do so. The criminal trespass conviction/nolle was not the subject of the motion to seal. The motion to seal was made with respect to the felony theft conviction. The request for sealing was not for a non-conviction or dismissal. I find R.C. 2953.52 is not relevant and does not provide a basis for finding reversible error. I find the nolle of the criminal trespass conviction eliminates it as a disqualifying factor, as the trial court obviously so determined prior to granting Appellee's application.[2] Because the criminal trespass charge originated in 1991, I think it beyond dispute the statute of limitations for refiling has long ago expired.

**{¶48}** As did the majority, I address the remaining two potentially disqualifying convictions separately but in reverse order.[3]

---

[2] No appeal from the nolle of the criminal trespass charge was pursued by the state. While different agencies of the state were invoked, I find the action by the Mansfield Law Director binding and not subject to collateral attacked by the state in this appeal.

[3] Appellee's prior conviction for petty theft is not disputed.

DRIVING UNDER SUSPENSION

**{¶49}** I find the trial court was not required to make any specific finding on the record relative to this conviction. As the majority points out, the state did not include this conviction in either its March 24, 2014 response to Appellee's application or its March 28, 2014 supplemental memorandum in opposition to Appellee's motion to seal. Furthermore, the prosecutor did not raise the OMVSL conviction as a disqualifying event during the March 31, 2014 hearing. I find the state waived its right to assert this as a disqualifying event and the trial court was under no obligation to make separate findings with regard to it.

DRAG RACING

**{¶50}** I find the record [or lack thereof] with regard to this alleged conviction very troubling.

**{¶51}** From my review of the March 31, 2014 hearing, it is clear the trial court's ultimate decision to grant or deny expungement hinged on whether it could be demonstrated Appellee was convicted of speeding rather than drag racing.[4] The hearing concluded with the trial court inviting counsel for Appellee to "let me know" if he "can't come up with" further information on the drag racing charge. If unable, the prosecutor would prepare an entry overruling the application. But if it (the drag racing charge) proved not to be a disqualifying offense, then "you"[5] can prepare an entry granting the expungement.

---

[4] Although the state may have contested the reason for the expungement, it never asserted Appellee was not rehabilitated or offered other legitimate governmental need to maintain record of the conviction.

[5] It is unclear whether "you" refers to the prosecutor or Appellee's counsel.

**{¶52}** The next entry recorded in the docket is the filing of the Judgment Entry Granting Application to Seal Record filed May 16, 2014.  Interestingly, that entry recites the court received the report of the State Probation Officer and held the required hearing, granting the application to seal the record because the applicant is a convicted eligible offender… has been rehabilitated… and the prosecuting attorney has not objected that legitimate governmental needs to maintain these records outweighs the applicant's interest in having the records sealed."

**{¶53}** The majority correctly notes there is no evidence in the record the trial court or the state was ever served with a certified copy, or any copy of documentation of the reduction of the drag racing charge to speeding at the time the court entered its judgment.  The state correctly points out there is nothing in the record showing Appellee ever gave the trial court proof he was convicted of something other than drag racing.  While true, the record does not affirmatively demonstrate the trial court was not provided such proof off the record.  While not filed of record, I presume something was provided to either the court or the prosecutor which, in turn, precipitated the entry granting the application to seal.  What is attached to Appellee's brief as an exhibit reveals what that something likely was.

**{¶54}** Bearing an identification sticker as "EXHIBIT C," the attached exhibit appears to be a copy of a docket of the Mansfield Municipal Court reflecting Appellee's drag racing charge.  The exhibit reflects the charge being filed on September 9, 1986; a not guilty plea entered on 10-8-86; and an amend[ment] to speed on 12-3-86.  This exhibit would support the trial court's finding Appellee was eligible for expungment and would be consistent with its ultimate decision.

**{¶55}** I find particularly troubling the certification from the clerk on Exhibit C. The certification is a stamped entry of DANIEL F. SMITH, Clerk of the Municipal Court of Mansfield, Ohio, certifying the exhibit is a true and correct copy of the Docket filed with him. The date of certification is written in as being the "9th day of Sept. 1986. It is then signed by a deputy clerk.

**{¶56}** Daniel F. Smith was not the clerk of the Mansfield Municipal Court in 1986. Why the certification reflects September 9, 1986, rather than sometime near or after the date of the March 31, 2014 hearing is curious. More curious still, the certification of September 9, 1986, reflects a date nearly three months prior to the entry reflecting the amendment to speed!

**{¶57}** Despite my concern over the otherwise unaccounted for appearance of Exhibit C in Appellee's brief and my concerns over the accuracy or appropriateness of the certification by the clerk, the fact remains the trial court invited Appellee's counsel to present it with further information regarding the drag racing charge and clearly indicated its ultimate decision would hinge thereon. Neither the state nor Appellee voiced objection to this procedure. The state does not assert in its brief any claim of lack of due process concerning the manner further proof was to be submitted to the trial court after conclusion of the hearing.

**{¶58}** Given the trial court's clearly declared recognition of the effect of a drag racing conviction and its clear declaration of how it intended to accept further proof with regard thereto - and, most importantly, given its ultimate decision to grant Appellee's motion to seal, I find the presumption of regularity compels the conclusion the trial court determined the drag racing charge was amended to speeding and did not result in a

disqualifying conviction barring Appellee's application. The trial court necessarily determined it was not a disqualifying conviction, *a fortiori*, when it granted Appellee's application.

{¶59} I further dissent from the majority's disposition of Appellant's third assignment of error. The majority concludes the trial court did not conduct the hearing or make the required findings mandated by statute. I disagree.

{¶60} The trial court conducted a hearing on March 31, 2014. The statute requires the trial court to make three determinations; 1) eligibility; 2) existence of pending charges; 3) rehabilitation. The statute then requires the trial court to consider the reasons against granting the application as specified in the prosecutor's objection and finally to weigh the applicant's interest to seal against any legitimate needs of the government to maintain the record. Nowhere does the statute recite the trial court is required to make specific findings.

{¶61} Despite the lack of a requirement to do so, the trial court's judgment entry did explicitly make those findings. Again, I think it important to note while the state questioned the purported need for sealing Appellee's conviction, it never contested his lack of rehabilitation as set forth in his application nor did the state proffer any legitimate governmental need for maintaining his record. The time to do so was at the hearing.

{¶62} I would affirm the trial court's judgment.


_____

HON. WILLIAM B. HOFFMAN